Joycelyn **GRISE** and husband Presley M. Grise, Plaintiffs,

v.

Edith **CROWNOVER** et al., Defendants.

Civ. A. No. 1092.

United States District Court, E. D. Tennessee, Winchester Division.

Sept. 13, 1971.

Ben O. Duggan, Jr., Duggan & McDonald, Chattanooga, Tenn., Chas. E.

English, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, Ky., for plaintiffs.

Clinton H. Swafford and Floyd Don Davis, Winchester, Tenn., for defendants.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■■■ This is a diversity action, 28 U.S.C. § 1332(a)(1),* for damages for personal injuries, arising from an automobile accident. It is undisputed that the defendant Mrs. Crownover admitted on deposition taken for purposes of discovery the existence of an insurance agreement under which the Continental Insurance Companies may be liable to satisfy part or all of a judgment which may be entered herein. On advice of her counsel, the defendant refused to reveal the contents of such policy.

The plaintiffs have moved for an order requiring discovery of the contents of such policy. Rule 26(b)(2), Federal Rules of Civil Procedure. Information concerning such insurance agreement is not by reason of disclosure admissible in evidence at the trial herein, *idem.*, but the plaintiffs are entitled to discover its contents. *Idem.* The defendant relies on Cooper v. Stender, D.C.Tenn.(1962), 30 F.R.D. 389, 390–393, [1], [2], [3], [4], [5], [6], [7, 8], [9], for the proposition that it is not required to reveal the contents of such policy. This decision is no longer apposite. Since the 1970 amendments to Rule 26(b), *supra,* the discovery sought is permitted. See Advisory Committee Note, 48 F.R.D. at 499.

The defendants hereby are ordered to reveal to the plaintiffs the contents of the insurance agreement between either defendant and the Continental Insurance Companies referred to hereinabove.

---

* In considering this motion, the Court observes that its jurisdiction has not been properly invoked. 28 U.S.C. § 1332(a)(1). The complaint avers that the plaintiffs are residents of Kentucky and the defendants are residents of Tennessee. " * * * Allegations of a party's residence is not a sufficient allegation of his citizenship. * * *." Smith v. Dealers Transit, Inc., D.C.Tenn. (1964), 239 F.Supp. 605, 607 [9]. However, " * * * [d]efective allegations of jurisdiction may be amended, upon terms, in the trial * * * courts." 28 U.S.C. § 1653. This order of the Court is CONDITIONED upon the plaintiffs' amending their complaint forthwith so as to allege the necessary diversity of citizenship of the parties plaintiff and defendant.