**Ellis Michael CLINE, etc., Plaintiff,**

v.

**DR. A. T. RICHARDS, Defendant.**

**No. CIV–4–77–12.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Aug. 19, 1977.

See also D.C., 455 F.Supp. 45.

Norman D. Lane, Nashville, Tenn., John C. Bomar, Shelbyville, Tenn., and Ben T. Lampkin, Oklahoma City, Okl., for plaintiff.

Doyle E. Richardson, Tullahoma, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff's motion to amend the complaint herein hereby is GRANTED. Rule 15(a), Federal Rules of Civil Procedure; *Foman v. Davis* (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222, 226 (headnotes 5, 6, 7); *Hayden v. Ford Motor Company,* C.A. 6th (1974), 497 F.2d 1292, 1293[2].

This is a civil action seeking compensatory and punitive damages for the wrongful death of the plaintiff's decedent from the defendant's alleged medical malpractice. The plaintiff attempted to invoke the Court's jurisdiction on the basis of diversity of citizenship and the requisite amount in controversy. 28 U.S.C. § 1332(a)(1). The defendant moved for a dismissal hereof for lack of the Court's jurisdiction of the subject matter. Rule 12(b)(1), Federal Rules of Civil Procedure.

Such motion was referred to a magistrate of this district for a recommendation as to its disposition by the Court. 28 U.S.C. § 636(b)(1). The magistrate recommended that such motion be denied upon the plaintiff's amending his complaint so as to allege his proper capacity herein. The defendant having served and filed timely objections to such recommendation, the Court considers the same *de novo. Idem.*

This Court is not a court of general jurisdiction; it has only such jurisdiction as is prescribed by Congress pursuant to the Constitution, Article III. *Graves v. Sneed,* C.A. 6th (1976), 541 F.2d 159, 161[2]. The Congress has provided that the United States " * * * district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of

interest and costs, and is between * * * citizens of different [s]tates. * * *" 28 U.S.C. § 1332(a)(1).

This action was brought by the plaintiff as the surviving spouse and next-of-kin of the decedent Mrs. Betty Lou Cline. It is provided that " * * * [t]he right of action which a person, who dies from injuries received from another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death but shall pass to his surviving spouse. * * *" T.C.A. § 20–607. Any such action " * * * for the wrongful killing of the spouse may be brought in the name of the surviving spouse for the benefit of himself and the children of the surviving spouse. * * *" T.C.A. § 20–611. It is clear that Mr. Cline, as the surviving spouse, is a proper plaintiff herein, since " * * * the right of action is given first to the husband. * * *" *Morrow v. Drumwright* (1957), 202 Tenn. 307, 304 S.W.2d 313, 316[5, 6], petitions for rehearing denied (1957); *Southeastern Aviation, Inc. v. Hurd* (1962), 209 Tenn. 639, 355 S.W.2d 436, 442[3].

■ The complaint (as amended) alleges that the plaintiff Mr. Cline is a citizen of Oklahoma and the defendant Dr. Richards is a citizen of Tennessee. Diversity of citizenship and amount " * * * jurisdiction is neither given nor ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record. * * *" *Osborn v. Bank of the United States* (1824), 9 Wheat. 738, 856, 6 L.Ed. 204, 232. The plaintiff Mr. Cline, not being a mere nominal party, is the person whose citizenship is controlling herein. See: *Deposit Guaranty Bank & Trust Co. v. Burton,* C.A. 6th

(1967), 380 F.2d 346, 348[1]; *Anderson v. Cecil,* D.C.Tenn. (1975), 407 F.Supp. 1354, 1355–1356[3, 4].

The defendant contends that Mr. Cline " * * * has not totally severed his Tennessee citizenship * * * [but that] * * * [a]lthough [he] is temporarily residing in Oklahoma, he is still administrating [sic: administering] the [e]state of [his deceased wife] in the same manner as a citizen * * * of Tennessee would administer such estate. * * *" In support, the defendant submitted certified copies of the records of the County Court of Bedford County, Tennessee which indicate that Mr. Cline is the sole administrator of his wife's estate.[1] Therein, Mr. Cline represented to such court that his address was Shelbyville, Tennessee.

■ The party seeking to invoke the jurisdiction of a United States district court must demonstrate that the case is within the competence of such a court. *Williams v. W. R. Grace & Company,* D.C.Tenn. (1966), 252 F.Supp. 821, 822[6]. The presumption is that the court lacks jurisdiction until it has been demonstrated that jurisdiction over the subject matter exists. *Ibid.,* 252 F.Supp. at 822[6]. The defendant has raised certain questions as to the citizenship of the plaintiff and the resulting jurisdiction of this Court.[2] This Court, with the record in its present posture, cannot conclude that its jurisdiction has been properly invoked.

■ Without a finding that there is federal jurisdiction over the plaintiff's claim herein, this Court is without power to proceed. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.,* C.A. 6th (1976), 534 F.2d 699, 701[1]. " * * * Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the

---

1. " * * * [N]o person not a resident of this state * * * shall be appointed or allowed to qualify or act as * * * administrator * * * unless there be also appointed to serve with such nonresident fiduciary a person resident in this state or corporation authorized to do business in this state, and maintaining an office in this state. * * *" T. C. A. § 35–610.

Even though residence and citizenship are not synonymous, *Grise v. Crownover,* D.C.

Tenn. (1971), 57 F.R.D. 210, 211[1], one's residency is often the same as his citizenship. 1 Moore's Federal Practice (2d ed.) 707.56 ⸱ 0.74[3.–2].

2. The plaintiff may have retained his Tennessee citizenship even though he apparently is not presently residing here. *Sun Printing & Pub. Assoc. v. Edwards* (1904), 194 U.S. 377, 383, 24 S.Ct. 696, 698, 48 L.Ed. 1027, 1030.

subject matter, the court shall dismiss the action. * * *" Rule 12(h)(3), Federal Rules of Civil Procedure. The plaintiff hereby is ALLOWED 10 days herefrom in which to demonstrate the jurisdiction of this Court; otherwise this action shall stand dismissed for lack of jurisdiction of the subject matter hereof.[3] *Idem.*

**3.** To the extent the aforementioned recommendation of the magistrate is inconsistent here-

with, the same hereby is MODIFIED. 28 U.S.C. § 636(b)(1).