Ted C. JOHNSON, Administrator of the Estate of David Wayne Johnson, Deceased, Plaintiff-Appellee,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, Defendant-Appellant.

Supreme Court of Tennessee, at Nashville.

Feb. 27, 1984.

Terrance E. McNabb, Madison, for plaintiff-appellee.

William F. Howard, Nashville, for defendant-appellant.

## OPINION

HARBISON, Justice.

This is an action for wrongful death brought against a municipal corporation under the Tennessee Governmental Tort Liability Act, T.C.A. §§ 29–20–101 to 407. Insofar as pertinent here, these statutes require that written notice of such a claim must be filed within 120 days "after the cause of action arises." T.C.A. § 29–20–302. The deceased was injured on March 21, 1981, and died six days later on March 27. Letters of administration on his estate were issued on February 23, 1982, and suit was filed shortly thereafter on March 19, 1982, within one year from the date of the injury. This was the first notice to the municipality of the claim, however, and it came over 11 months after the injury occurred. The trial judge granted summary judgment in favor of the municipality, but the Court of Appeals reversed, holding that the "cause of action" did not arise until an administrator had been appointed for the estate of the decedent. Since suit was filed within 120 days of that date, the Court of Appeals held that the notice requirements of the statute were satisfied. We are of the opinion that this conclusion was erroneous. We reverse the judgment of the Court of Appeals and reinstate that of the trial court.

It is well settled in this state that the statute of limitations in an action for wrongful death begins to run, at the latest,

with the date of the death of the decedent. *See generally Jones v. Black,* 539 S.W.2d 123 (Tenn.1976), and cases discussed therein. In our opinion, therefore, the "cause of action" involved here arose no later than March 27, 1981. No notice of the claim was given within the requisite period. Such notice is "a condition precedent to any recovery" under the Governmental Tort Liability Act, T.C.A. § 29–20–301, and failure of a claimant to comply with the notice requirements "shall be a valid and complete defense to any liability of a governmental entity which might otherwise exist by virtue of this chapter." T.C.A. § 29–20–303.

The Court of Appeals was of the opinion that a deceased person could not give the requisite notice and that someone must act on his behalf. This, of course, is true in almost all death cases. Necessary legal steps must be taken by the beneficiaries of the action in every instance except those cases in which the decedent institutes suit before death, a situation covered by T.C.A. § 20–5–108. We find unpersuasive the reasoning of the Court of Appeals that necessary steps could not be taken to prosecute the wrongful death claim until the appointment of an administrator.

While an action for wrongful death, of course, may be instituted and maintained by an administrator, T.C.A. § 20–5–107, it has long been settled that the administrator sues as a representative of the next of kin, and not as a representative of the estate or of creditors. The right of action depends upon the existence of persons entitled to take the recovery as beneficiaries under the statute and not upon the qualification of a personal representative. *Memphis Street Railway Company v. Cooper,* 203 Tenn. 425, 313 S.W.2d 444 (1958). It is necessary both to plead and to prove the existence of requisite beneficiaries before the action can be maintained. *Hale v. Johnston,* 140 Tenn. 182, 203 S.W. 949 (1918).[1]

---

1. The complaint in the present case, although subject to amendment, on its face does not meet

these requirements. It was brought solely by an administrator without reference to the existence

The Court of Appeals, relying upon the "discovery" doctrine, held that the necessary information for prosecution of the present claim could not have been gathered prior to the qualification of an administrator. Documents filed in the summary judgment proceedings, however, clearly demonstrate the contrary.

The action was initially brought against Chester Minchey and Minchey Construction Company for personal injuries and wrongful death of appellee's decedent resulting from a truck accident (not involving any governmental vehicle). Appellee later settled that portion of the claim. Suit was brought against the Metropolitan Government of Nashville and Davidson County, Tennessee, alleging that the decedent was taken to the Nashville General Hospital for treatment immediately following the accident, and that proper treatment was not given. It was alleged that the deceased was neglected for several hours, and that Mr. Minchey "and other relatives of the decedent" took him to another institution.

It is clearly shown, in addition, that the administrator was aware that his brother, the decedent, had been hospitalized at Nashville General Hospital. His own affidavit states that he requested a report and other documents from that institution concerning his brother's admission and examination. He was furnished a report dated April 30, 1981. He states that he sought this report prior to employing counsel and prior to qualifying as administrator.

As previously stated, it was not necessary for him even to qualify as administrator in order to bring a wrongful death action or to give the requisite statutory notice.[2] There was no evidence filed in the summary judgment proceedings showing why the statutory notice was not given or that Metropolitan Government had actual notice of the claim so as to make written notice unnecessary.

or identity of statutory beneficiaries. An affidavit filed in opposition to appellant's motion for summary judgment showed the existence of a brother, who was also the administrator.

We do not find applicable the "discovery" rule relied upon by the Court of Appeals. The facts of *Foster v. Harris*, 633 S.W.2d 304 (Tenn.1982), cited in that court's opinion, are entirely different, and that case is not controlling here.

We find no authority to sustain the holding of the Court of Appeals that a "cause of action" for wrongful death does not "arise" in medical malpractice death cases until an administrator of the estate of the decedent is appointed.

The judgment of the Court of Appeals is reversed and the judgment of the trial court, dismissing the action, is reinstated at the cost of appellee.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.

2. Appellant does not take issue with the holding of the Court of Appeals that the filing of suit within the period for giving notice satisfies the notice requirements, and it is not necessary for us to consider that question here.