**Steve Kyle FOSTER and David John Sproles, Plaintiffs/Appellees,**

v.

**James Howard JEFFERS, a/k/a James Howard Jeffers, Jr., a/k/a Howard Jeffers, and Wayne R. Jeffers, Defendants/Appellants.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Jan. 4, 1991.

Permission to Appeal Denied by Supreme Court March 18, 1991.

Michael B. McColloster, Metairie, La. and David F. Bautista, Johnson City for plaintiffs/appellees.

David S. Haynes, P.C., Bristol for defendants/appellants.

HIGHERS, Judge.

This wrongful death action is on appeal for the second time from a non-jury trial at Washington County. The question to be decided is two-fold. First, can a surviving spouse waive his right to bring an action for the wrongful death of his wife? Second, if we find that the surviving spouse can waive his right to bring a wrongful death action, do the nephews of the deceased, as next of kin, have standing to bring the action?

The bizarre facts leading to this appeal begin with a divorce filed by Margaret Foster Jeffers (Margaret), the deceased, against Wayne R. Jeffers (Wayne), appellant. At the time of the divorce, Wayne and his brother, James Howard Jeffers (Howard), were partners in a lucrative real estate and farming business with which Margaret was employed. Both Wayne and Howard titled various real properties both in their names and the names of their wives. Eleven months after Margaret filed for divorce, her brother-in-law, Howard, brought an action, as a partner in Jeffers Brothers Auctioneers and Jeffers Brothers Farms, against her in order to force her to execute quit claim deeds to all partnership property on which her name appears. However, this action never went to trial. On August 21, 1986, while Margaret was sitting in a courtroom in Johnson City awaiting the outcome of her divorce, Howard walked into the courtroom and shot and killed her. Because the divorce was never granted, Wayne became Margaret's surviving spouse.

Wayne chose not to bring a wrongful death action against his brother, Howard, who was convicted of murder, because he believes Howard was insane at the time of the shooting. Following Wayne, Margaret's next of kin are her nephews, Steve Kyle Foster and David John Sproles (the nephews). The nephews brought a wrongful death action against Howard four days after Margaret's death, but their complaint was dismissed because the court found that pursuant to T.C.A. § 20–5–106, the right of action Margaret would have had, had she survived, passes to Wayne, as surviving spouse. In March 1987 Wayne advised his attorney to send a letter to counsel for the administratrix of Margaret's estate asking the administratrix not to initiate any

wrongful death action on his behalf. On August 21, 1987, the nephews filed a new wrongful death action which is the subject of this appeal.

The nephews filed their second complaint on the last day before the running of the statute of limitations. Apparently the trial court again sustained a motion to dismiss, although there is no document in the record to evidence this. The nephews appealed the motion to dismiss. Meanwhile, in September 1987 Wayne attempted to execute a release for consideration of $1.00 releasing Howard and himself from any legal liability for the wrongful death of Margaret. In April 1988 an order from the Court of Appeals was filed. See *Foster v. Jeffers,* No. 179, 1988 WL 55019 (E.D.Tenn. June 3, 1988). Judge Goddard, writing for the Court, found the following: (1) public policy would preclude application of T.C.A. § 20–5–106 where a husband has feloniously killed or is responsible for the felonious killing of his wife and, in such a case, the cause of action should succeed to the next in line; (2) the second complaint filed by the nephews is not barred by the doctrine of *res judicata;* (3) because there is no affidavit contradicting the allegation in the complaint that Howard was "acting in his individual capacity *and* in his capacity as a partner," the allegation must be taken as true, and; (4) the release executed in September 1987 was not a bona fide compromise as required by T.C.A. § 20–5–110. The Court of Appeals reversed and remanded the case accordingly. A non-jury trial was held and the trial court found that Wayne did waive his right to bring a cause of action and the nephews therefore have standing. The court rejected the release executed by Wayne because the statute of limitations had run by the time the release was executed, and also, the release failed for inadequate consideration. The court dismissed Wayne as a party because the nephews failed to prove that the murder was an act in furtherance of the business of the Jeffers Brothers' partnership. The trial court awarded the nephews $100,000 compensatory damages and $1,000,000 punitive damages against Howard. Wayne moved to intervene as plaintiff and to take possession of the judgment which motion was denied. Wayne and Howard appeal the trial court's holding. We must decide two issues: Whether a surviving spouse can waive the right to bring a wrongful death action, and if he may waive such right, do the nephews in this case have standing to bring the wrongful death action?

■ In Tennessee, a wrongful death action may be brought only in the name of the statutorily designated persons:

> **20–5–107. Prosecution of action by representative or surviving spouse or next of kin.**—The action may be instituted by the personal representative of the deceased or by the surviving spouse in her own name, or, if there be no surviving spouse, by the children of the deceased or by the next of kin....

However, T.C.A. § 20–5–107 is not the sole statute governing wrongful death actions in Tennessee. All of the wrongful death statutes must be construed with reference to one another. See T.C.A. §§ 20–5–106 – 108 and 20–5–110. See *State Through Baugh v. Williamson County Hosp. Trustees,* 679 S.W.2d 934 (Tenn.1984).

The wrongful death statutes taken together set forth the priorities among those persons entitled by T.C.A. § 20–5–107 to bring a wrongful death action. The party who has the prior and superior right above all others to bring a wrongful death action is the surviving spouse. T.C.A. §§ 20–5–106(a), 20–5–110. See *Cline v. Richards,* 455 F.Supp. 42 (E.D.Tenn.1977). If there is no surviving spouse, the children of the deceased have priority to bring the action as the next of kin. T.C.A. §§ 20–5–106 – 107; *Busby v. Massey,* 686 S.W.2d 60 (Tenn.1984). If no children of the deceased are surviving then priority passes to the next of kin. T.C.A. §§ 20–5–106 –107. If none of these statutorily prescribed beneficiaries exist, then the cause of action cannot be brought because the existence of one of these beneficiaries is a prerequisite to bringing an action for wrongful death. *Johnson v. Metropolitan Government of Nashville and Davidson County,* 665 S.W.2d 717 (Tenn.1984).

The administrator's rank in the group of persons who have priority to the right to bring a wrongful death action varies according to the beneficiaries. It is well established that when an administrator brings the wrongful death action, the administrator has no interest in the recovery and acts only as a medium for enforcing the rights of others. See *Cummins v. Woody*, 177 Tenn. 636, 152 S.W.2d 246 (1941). The administrator may bring the action for the benefit of the persons with the statutory priority. T.C.A. §§ 20–5–106 –107; *Busby v. Massey*, 686 S.W.2d 60 (Tenn.1984). In any event, an adult beneficiary has priority over an administrator in prosecuting his or her own action. See *supra, Busby*. Similarly, in *Koontz v. Fleming*, 17 Tenn.App. 1, 65 S.W.2d 821 (1933), the court held that an administrator cannot bring suit until the surviving spouse waives his right of action. Thus, the rank of the administrator is determined by the rank of the beneficiary whose rights he is representing. See *Johnson v. Metropolitan Government of Nashville and Davidson County*, 665 S.W.2d 717 (Tenn.1984).

In light of the foregoing, it is easily established that Wayne has first priority over the right to bring an action for wrongful death. It has also been established by *Koontz* that Wayne could have waived his right of action to the administratrix, although he chose not to do so. In fact, Wayne affirmatively sent a letter to the administratrix asking her not to sue so as not to waive his right of action. Further, it has been established that, as next of kin, the nephews are also included among the statutorily prescribed beneficiaries, although their right is subordinate to Wayne's. Having established the rights and priorities of the parties, the question is whether Wayne can waive his right of action to the nephews who are Margaret's next of kin. We find that he can.

The primary rule of statutory construction is to ascertain and give effect to the legislative intent. *Tidwell v. Collins*, 522 S.W.2d 674 (Tenn.1975). In ascertaining this intent we must look to the general purpose to be accomplished. *Id.* At common law there was no action that survivors could bring for the wrongful death of a relative. Thus, it was more economical to kill someone than to merely inflict a nonfatal injury. The legislature enacted the wrongful death statutes to create a civil action for the wrongfully inflicted injury that resulted in death before a judgment was recovered. The purpose of the wrongful death statutes is to keep the decedent's cause of action from dying with the decedent. T.C.A. § 20–5–106(a) specifically states as follows:

The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death but shall pass to his surviving spouse and, in case there is no surviving spouse, to his children or his next of kin. . . .

It was the intent of the legislators that control over the surviving right of action ought to follow the priorities for distribution of personal property as set forth in the intestacy statutes. Compare T.C.A. §§ 20–5–107 and 31–2–104. Likewise, it is the law in Tennessee that the proceeds from a wrongful death action become personal property of the deceased and the court will look to the statutes on distribution of personalty as a guide. *Anderson v. Anderson*, 211 Tenn. 566, 366 S.W.2d 755 (1963). The proceeds from a wrongful death action cannot pass under the will of the deceased. *Haynes v. Walker*, 111 Tenn. 106, 76 S.W. 902 (1903).

However, having created a civil action for someone's wrongful death, the legislature did not intend that the surviving spouse be compelled to bring the wrongful death action against his will. In fact, the legislature provided for a mechanism by which the surviving spouse can affirmatively maintain control over the right of action without having to bring the action to trial. T.C.A. § 20–5–110(b) states:

The surviving spouse may effect a bona fide compromise in such a suit or right of action and may execute a valid

release which shall be binding upon all the children of the deceased or next of kin of the deceased.

Thus, there are several ways a surviving spouse can maintain control over his right of action. He could bring the wrongful death action himself, he could waive his right to the administrator who could bring the action on his behalf, or he could effect a bona fide compromise in the form of a release and simply not bring the action to trial. It is clearly the legislative intent that a surviving spouse ought to be able affirmatively to maintain control over his right of action regardless of whether he intends to bring the action to trial. Because the statutes provide several means by which a spouse may retain his right of action, we find that a spouse can waive his right by inaction. In *Koontz v. Fleming*, 17 Tenn.App. 1, 65 S.W.2d 821 (1933), the court held that waiver by conduct may be effected by absolute action or inaction inconsistent with the claim or right in question. *Id.* at 8, 60 S.W.2d at 825. Thus, a surviving spouse, who knows that he has a right of action, waives his right when he fails to maintain control over it by either effecting a compromise or bringing the action to trial.

Having determined that a surviving spouse can waive his right of action, we must now determine whether Wayne has done so. We find that he has. Wayne clearly knew that he had the superior right of action as evidenced by the letter he sent to counsel for the administratrix asking her not to bring the wrongful death action. Also, Wayne was on notice that the nephews, as next of kin, wished to exercise their subordinate right of action because they initially filed suit four days after Margaret's death. Wayne attempted to control his right of action by executing a release, but we agree with the trial court's finding that the release was ineffectual because it was untimely.

■ Once we determine that Wayne has waived his right of action, the next question is whether the nephews have standing to bring the action. We find that they do. The nephews are the succeeding statutorily designated persons to the right of action. If the purpose of the wrongful death statutes is to keep alive the decedent's cause of action, then that cause of action should not die due to the spouse's waiver of his superior right of action.

■ A subissue arises once we determine that the nephews have standing to bring the wrongful death action. The subissue is whether Wayne has also waived his right to collect the proceeds from the wrongful death action once he has waived his right of action. We find that he has waived his right to said proceeds. The proceeds from a wrongful death action are distributed as if they were personal property. *Anderson v. Anderson*, 211 Tenn. 566, 366 S.W.2d 755 (1963). Thus, if Wayne were allowed to collect the proceeds, he would be entitled to 100% of the damages received as the surviving spouse where there are no surviving issue. See T.C.A. § 31-2-104. In effect, the nephews would merely be doing the job of the administratrix by bringing the action and collecting the proceeds in trust for Wayne. Surely this is not what the legislature intended. We find that when Wayne knowingly waived his right of action he also waived his right to collect any proceeds from the wrongful death action. The right to collect the proceeds, therefore, passes to the nephews as the succeeding statutorily designated persons to the right of action.

In response to appellants' issue regarding whether the trial court erred in disallowing Wayne to intervene and replace the nephews after he was dismissed as a party, we find that there was no error. Wayne waived his right of action to the nephews and he could not recapture the right once the nephews exercised it.

The trial court did not err in failing to find that Howard was temporarily insane when the shooting took place. This is a question of fact and there is a presumption of correctness as to the findings of the trial court unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d). We do not find that the preponderance of the evidence is otherwise nor that the trial court committed any error.

454

The award of punitive damages is a matter appropriately within the discretion of the trial court and the scope of appellate review is narrow. *Hilliard v. Williams,* 516 F.2d 1344, *cert. denied; Clark v. Hilliard,* 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656, *vacated* 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 729, *on remand* 540 F.2d 220 (6th Cir.1975). In awarding punitive damages, the law of Tennessee combines the interest of society and aggrieved individuals and gives such damages as will punish the defendant in a way that will deter similar actions. *Edwards v. Travelers Ins. of Hartford,* 563 F.2d 105 (6th Cir.1977). We find that the trial court did not err in awarding $1,000,000 in punitive damages.

Accordingly, we find that in a case where the surviving spouse has knowingly waived his right to bring a wrongful death action and there are no surviving children of the deceased, the right of action as well as the right to collect the proceeds therefrom pass to the next of kin. We affirm the trial court and tax the costs of this appeal to the appellants.

TOMLIN, P.J. (W.S.), and CRAWFORD, J., concur.