IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 6, 2000 Session

**TAMMY L.M. KLINE, for herself and for the use and benefit of LORI MICHELLE KLINE, KRISTY LAINE KLINE, and DIANA MARIE KLINE, v. LORI MICHELLE KLINE and minors KRISTY LAINE KLINE and DIANA MARIE KLINE, by their next friend, mother and natural guardian, MARCIA KLINE NEWCOMB v. DANIEL P. EYRICH, et al.**

Appeal from the Circuit Court for Knox County
No. 3-284-99 and 1-320-99    Hon. Wheeler R. Rosenbalm, Circuit Judge

FILED FEBRUARY 15, 2001

No. E2000-01890-COA-R3-CV

In this dispute over attorneys' fees from a wrongful death action, the Trial Judge awarded fees to the widow's attorneys from the judgment and the minor children appealed. We vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court vacated and remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., concurred and filed a separate opinion, and CHARLES D. SUSANO, JR., J., dissented and filed a separate opinion.

Thomas S. Scott, Jr., and Christopher T. Cain, Knoxville, Tennessee, and Paul G. Beers, Roanoke, Virginia, for appellants Lori Michelle Kline and minors Kristy Laine Kline and Diana Marie Kline, by their next friend, mother and natural guardian, Marcia Kline Newcomb.

Jerry A. Farmer, Knoxville, Tennessee, for appellee, Tammy L.M. Kline.

**OPINION**

This is a dispute over attorneys' fees incurred by two sets of attorneys in two actions for the wrongful death of Richard Kline, who was killed in an automobile accident on April 9, 1999. His three minor children filed a Complaint for his wrongful death on April 30, 1999 in the Circuit

Court for Knox County, and the decedent's widow (the children's stepmother) also filed a Complaint in the Circuit Court for decedent's wrongful death on May 17, 1999. The defendants then filed various motions asking the Trial Court to determine the proper plaintiff, to consolidate the actions, and/or to dismiss one of the suits. The Trial Court subsequently entered an Order consolidating the two cases, and naming both widow and the children as proper plaintiffs. The widow then filed a Motion asking the Court to clarify the roles of the parties regarding who would be responsible for developing and presenting the proof at trial, etc., and also a Motion to Dismiss the children's lawsuit.

The trial court then entered an Order denying the Motion to Dismiss, but granting the Motion to Clarify, such that the widow, as surviving spouse, was given the right to prosecute the action and/or settle the claim, and such settlement would be binding on the children. The Trial Court also ruled that if the action proceeded to trial, all proof would be conducted by the widow's attorney, except the children's attorney would be permitted to examine the children regarding their loss of consortium. The Court then specified that the suit would be styled with the widow as surviving spouse plaintiff and for the use and benefit of the minor children. The children were in effect permitted to intervene in the widow's action, apparently on the basis that intervention was appropriate to protect the children's interest.

Thereafter, the suit was settled for 1.1 million dollars. At that point the children's attorney filed a motion regarding the distribution of the funds, and how the fee should be awarded. The widow's attorney responded with his idea of how the funds should be distributed. Affidavits regarding the work they had performed on the case were filed. The attorneys for the children made affidavits that they had spent possibly 300 hours on the case, but that the widow's attorney had blocked their attempts to assist in the suit and allow them to participate, also, the widow was hostile to the rights of the children, which she denied. The widow's attorney filed an affidavit describing the work he performed on the case, but did not state how many hours were expended. The Trial Court then heard arguments on the matter, and held that there had been no showing that the result would not have been reached without the participation of the children's attorneys, and refused to consider the issue regarding who performed what work. The Trial Judge entered an Order approving the settlement, finding that the children's attorneys were unnecessary to reaching the same, and held that the widow's attorneys' one-third contingency fee was reasonable, and Ordered that fee to be paid from all of the recovered funds.

The standard of review of the Trial Court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *McCarty v. McCarty*, 863 S.W.2d 716, 719 (Tenn. Ct. App. 1992). No presumption of correctness attaches to the trial court's legal conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993). Appellants argue that it was error to award the widow's attorney one-third of the total settlement, because by doing so the children must pay double fees. They correctly point out that generally, attorneys must look only to the clients with whom they have a contract for their fees, even if a third party benefits from the work done for the client. *Hobson v. First State Bank*, 801 S.W.2d 807 (Tenn. Ct. App. 1990). There is an exception to the general rule, however, called the common fund doctrine. *Id.* This doctrine provides that when one attorney's efforts create, increase,

or preserve a fund which other passive beneficiaries are entitled to share in (such as in a class action suit), the attorney is entitled to have a reasonable fee paid for his services from the entire fund. This doctrine is "designed to spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone and the 'stranger' beneficiaries do not receive their benefits at no cost to themselves." *Id.* at 809.

The common fund doctrine has been applied in three unpublished wrongful death cases in this State: *In re Estate of Stout*, 1994 WL 287765 (Tenn. Ct. App. June 29, 1994); *Wheeler v. Burley*, 1997 WL 528801 (Tenn. Ct. App. August 27, 1997); *PST Vans, Inc. v. Reed*, 1999 WL 1273517 (Tenn. Ct. App. Dec. 28, 1999). In the *Wheeler* case the dispute was between two parents of the deceased, and the Court saw fit to divide the fee two-thirds to the mother's attorney, and one-third to the father's attorney. In *Stout*, the dispute was between two parents of the deceased, and the mother having been appointed administrator, the deceased was permitted to obtain the award based upon the common fund doctrine her attorney, as lead attorney, was paid his fee from the common fund. In *PST Vans, Inc.,* the common fund doctrine was again applied by this Court, and the attorney for the surviving spouse was awarded a fee out of the recovery.

The attorneys for the widow argue that the common fund doctrine is not applicable to this case, and rely on some comments made by the Trial Judge at the hearing. The Trial Court, however, ultimately applied the common fund doctrine by ruling that the widow's attorneys would receive one-third of the total settlement, including the minor children's shares. Otherwise, there was no basis to award an attorney's fee against the children's share of the recovery.

It is beyond dispute that the right to maintain a cause of action for the wrongful death of a deceased first passes to his or her surviving spouse. *Chapman v. King*, 572 S.W.2d 925; *Foster v. Jeffers*, 813 S.W.2d 449, and the Trial Judge properly ruled that a surviving widow was entitled to maintain the wrongful death action for herself and for the benefit of the minor children. However, the Trial Court didn't dismiss the children's action and authorized their attorney to participate to a limited extent in the trial if the issues went to trial. This issue is not raised on appeal.[1] If the facts merit, the Trial Court may allow interested parties to intervene in an action properly brought by another party. The Trial Court, in refusing to allow the minor children's attorneys to share in the fee, observed ". . . there has been no showing to the Court that the settlement would not have been effected on the same terms and conditions that it was effected, absent any participation from any counsel save the counsel for Tammy Kline (the widow)."

The Trial Judge also found that a fee of one-third of the recovery to the widow's attorneys was "reasonable" without discussion, but it is apparent that the Trial Judge did not look

---

[1]This Court in *Swanson v. Peterson*, 200 Westlaw 485502 (Tenn. Ct. App. Jan 21, 2000) observed in footnote 5 that it was within the sound discretion of the trial court to consolidate cases filed by the surviving widow and surviving children. *Citing Timmons v. Rainey*, 55 S.W.2d 21, 29 (Tenn. Chancery App. 1889).

beyond the terms of the Contract between the widow and her attorneys to arrive at this fee.

Where an attorney seeks a fee out of a common fund charged against all the proceeds, it is incumbent upon the Trial Judge to set a reasonable fee for the attorney. A party plaintiff who recovers a judgment in which others share who have not contracted with the plaintiff's attorney, may not onerate the other parties with a share of a contracted fee unless the fee is found to be reasonable under all of the circumstances. This Rule is explained by the Supreme Court in *White v. McBride,* 937 S.W.2d 796 (Tenn. 1996), where an attorney sought to charge a contracted fee against an estate in which others shared who were not a party to the attorney's contract. The Supreme Court explained in that case that the reasonableness of the attorney's fee must ultimately depend upon the particular circumstances of an individual case.

The Trial Judge heard arguments, and considered affidavits stating contradictory facts relating to the fee dispute, but we conclude there is insufficient evidence to support the Trial Court's rulings.

The judgment of the Trial Court is vacated and the cause remanded, with direction that the Trial Court hear evidence on the two issues discussed herein, and upon hearing evidence, if the children's counsel made no contribution to procuring the settlement, then the widow's attorneys are entitled to a reasonable fee from all the proceeds. If, on the other hand, there is a finding of contribution by the minor children's attorneys to procuring the settlement, then the Court is directed to pro-rate it between the attorneys' to the extent of their participation in obtaining the settlement out of the recovered Judgment. The Court is also directed to hear evidence on what the reasonable fee would be under all the circumstances of this case, and pay that amount out of the common fund to the attorney or attorneys found from the evidence to be entitled to it.

The cost of the appeal is assessed one-half to each party and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, J.