IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2009 Session

## MARY F. LAWSON v. BRAD LAWSON

**Appeal from the Circuit Court for Sumner County**
**No. 31896-C     C. L. Rogers, Judge**

---

**No. M2009-00537-COA-R3-CV - Filed September 28, 2010**

---

Uninsured motorist carrier voluntarily tendered the limits of its liability coverage into the probate proceeding administering the decedent's estate and not in the wrongful death tort action. The trial court dismissed the carrier from this wrongful death tort action since it had tendered its limits of liability. We find the dismissal was in error since any voluntary tender of insurance proceeds for wrongful death should be made into the wrongful death tort case, and tendering the limits elsewhere is not grounds for dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

PATRICIA J. COTTRELL, P.J.,M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

David J. Waynick, Thomas B. Luck, Nashville, Tennessee, for the appellant, Mary Lawson.

Erica L. Tisinger, Raymond Lackey, Franklin, Tennessee, for the appellee, Travelers Personal Security Insurance Company.

## OPINION

The issue on appeal involves whether an insurer who voluntarily tenders its limits of liability should direct the proceeds to a wrongful death case brought by the widow or to the estate administration proceeding in probate court.

The material facts are not at issue, and the parties agree to the following facts which are assumed to be true for the purposes of appeal. The decedent, Elmer Lawson, had an

uninsured motorist policy with Travelers Personal Security Insurance Company ("Travelers") which had liability limits of $300,000.

The widow of Elmer Lawson filed suit against Brad Lawson for negligence seeking to recover damages for the death of Elmer Lawson on August 15, 2008. The complaint provides that she is suing "in her own right, and as surviving widow of Hamilton Elmer Lawson." This proceeding, herein referred to as the "tort action," is the subject of this appeal. Travelers was served a copy of the complaint as the uninsured motorist carrier on November 13, 2008.

At some point, the executor of Elmer Lawson's will, Mary Duffer, filed a petition to admit the will of Elmer Lawson into probate, resulting in a second civil proceeding, the "probate proceeding." Before Travelers was served with the tort action complaint, Travelers tendered a check for $295,000[1] representing the limits of its coverage to "Mary Duffer, Executrix of Elmer Lawson's Estate." The estate filed a motion with the probate court for direction about how to handle the check. The probate court entered an order dated November 8, 2008, which stated as follows:

> that the $295,000 check payable to Mary A. Duffer as Executrix of the Elmer
> Lawson Estate by the Travelers Insurance Company . . . shall be returned to the
> Travelers Insurance [Company] which is requested by this Court to tender
> these funds into the registry of the Clerk and Master of Sumner County,
> Tennessee by Intervening Petition in this proceeding.

Consequently, on December 12, 2008, Travelers filed an Intervening Petition in the probate proceeding and deposited the limits of liability into the Registry of the Clerk and Master of Sumner County.

Since Travelers had paid the limits of liability into the court in the probate proceeding, Travelers filed a motion seeking dismissal in the tort action. The trial court granted Travelers' motion to dismiss on March 4, 2009. The widow appeals, arguing that the dismissal was in error.

---

[1]The check was for $295,000 since Travelers had paid $5,000 for Elmer Lawson's funeral. No one disputes that Travelers appropriately paid for the funeral or that Travelers is not entitled to this credit.

## I. ANALYSIS

Both parties agree that under Tenn. Code Ann. § 20-5-106, the decedent's wife has priority to bring a wrongful death action for the death of her husband. Tennessee Code Annotated § 20-5-106(a) provides as follows:

(a) The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered or abandoned by them pursuant to any court order removing such person from the custody of such parents or parent; or otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors.

The widow argues that under Tenn. Code Ann. § 20-5-106(a), she controls her husband's wrongful death claim and, consequently, Travelers erred by paying the proceeds into the probate court. Travelers argues, on the other hand, that since it paid the limits of its coverage with no dispute as to liability, and since the wrongful death damages are distributed by the law of intestate succession, it did not err by paying the amount into the probate court.

Any insurance proceeds payable for wrongful death voluntarily tendered should be paid into the wrongful death tort proceeding and not into the probate proceeding administering the estate. This is true for several reasons. The first reason is clear and quite simple. The insurance proceeds are for wrongful death and, as such, should be filed in the wrongful death action brought by the person who by statute controls the proceedings. Second, assuming that the trial court finds the uninsured motorist liable, the court in the tort action determines the amount of damages. The insurance proceeds will be applied by the trial court in the tort action. This has practical effect since the damages may or may not exceed $300,000 and damages recoverable in the wrongful death claim may be applied to defray costs of recovery, including possible attorneys' fees. Third, the probate court is overseeing the administration of the estate of Mr. Lawson and has no control over the wrongful death claim or recovery thereunder. It is clear that the damages assessed in the

wrongful death case are not a part of the decedent's estate that pass by will but, instead, pass by statute to specified individuals. *Foster v. Jeffers*, 813 S.W.2d 449, 452 (Tenn. Ct. App. 1991). The damages recovered in a wrongful death claim are free from the claims of creditors, Tenn. Code Ann. § 20-5-106(a), which would include creditors of the estate.

Travelers' primary argument is that it should not be ordered to pay the insurance proceeds twice. First, the probate court did not order Travelers to pay the proceeds into probate court but "requested" it be done. Second, this decision does not order Travelers to tender the proceeds into the wrongful death action, only that if it elects to tender insurance proceeds, it should be done in the wrongful death action and tendering the proceeds elsewhere does not entitle Travelers to dismissal.

The trial court is reversed in its decision to dismiss Travelers due to its tender of the limits of liability in probate court.[2] Costs of appeal are assessed against Travelers Personal Security Insurance Company for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.

---

[2]The widow alternatively claimed before the trial court and on appeal that Travelers should not have been dismissed due to another insurance obligation allegedly owed the widow by Travelers under the "Homesaver Policy." It does not appear in the record before us, however, that the widow ever made a claim against Travelers under anything except uninsured motorist coverage until it was raised in opposition to Travelers' motion to dismiss. Since we reverse the trial court on other grounds and the matter is being remanded, we decline to rule on these issues.