# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 10, 2016 Session

## BRITTANY NOEL NELSON, ET AL. v. CHARLES W. MYRES, ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 2012CV567     Joe Thompson, Judge**
———————————————————————

**No. M2015-01857-COA-R3-CV – Filed January 18, 2017**
———————————————————————

A woman died in a multi-vehicle accident.  Two wrongful death actions were filed, one by the woman's daughter, the other by the woman's husband.  The daughter's suit named the husband and others as defendants.  The husband's suit named one of the other drivers as the only defendant.  The trial court dismissed the daughter's complaint, holding that Tennessee's wrongful death statute creates only one cause of action and that the husband, as the surviving spouse, was granted priority to prosecute the action under the statute.  The daughter appeals the dismissal of her complaint.  Because the husband is unable to name himself as a defendant in the suit he has filed, he is not able to prosecute the wrongful death action in a manner consistent with the right of the decedent to sue all wrongdoers whose actions are alleged to have led to her death; accordingly, we reverse the judgment of the trial court dismissing the daughter's complaint, reinstate the complaint, and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY W. ARMSTRONG, J., joined.

Thomas F. Mink, Charles M. Duke, and William M. Leech, Nashville, Tennessee, for the appellant, Brittany Noel Nelson.

Russell E. Edwards, Hendersonville, Tennessee, for the appellee, Charles W. Myres.

James R. Tomkins, Nashville, Tennessee, for the appellee, Adenus Solutions Group, LLC; Adenus Group, LLC, Adenus Utilities Group, LLC, and Adenus Operations, LLC.

Jon M. Cope, Knoxville, Tennessee, for the appellee, Westfield Insurance.

**OPINION**

## I. FACTUAL AND PROCEDURAL HISTORY

This appeal involves the dismissal of a wrongful death lawsuit arising from a four-vehicle accident which occurred in Sumner County on March 23, 2012. The decedent, Sharon Myres, was a passenger in a vehicle being driven by her husband, Charles Myres, and died as a result of injuries she sustained in the accident. Justin Bennett, Joseph Groves, and James Berryman were the operators of the other vehicles involved. The accident is alleged to have occurred when the vehicles driven by Mr. Myres and Mr. Bennett collided and crossed into the opposing lanes of traffic, striking the vehicles driven by Mr. Groves and Mr. Berryman.

Several suits were filed as a result of the accident. On May 8, 2012, Brittany Nelson, Sharon Myres' only child from a previous marriage, filed suit pursuant to Tennessee Code Annotated section 20-5-106 to recover for her mother's wrongful death; she also asserted a claim for damages pursuant to section 20-5-113 ("the Nelson suit"). Ms. Nelson named Mr. Myres and Mr. Bennett as defendants. The day after the Nelson suit was filed, Charles Myres filed suit, individually and as surviving spouse of Sharon Myres ("the Myres suit"), naming Mr. Bennett as defendant and alleging, *inter alia*, that Mr. Bennett's actions were the sole cause of the accident and death of Sharon Myres. A third suit was filed by Mr. Groves and his wife, Stacy Groves ("the Groves suit"); this suit named Charles Myres, Mr. Bennett, and other entities as defendants.[1] In due course, Ms. Nelson moved to consolidate her suit with the Myres suit, and the trial court entered an order consolidating the cases, along with the Groves suit, on July 19, 2012. Thereafter the parties filed numerous amendments to their complaints and answers.

The complaint in the Nelson suit alleged that Mr. Myres' and Mr. Bennett's negligence, negligence *per se*, and willful, wanton, and reckless conduct caused the death of her mother, and that Mr. Myres was "disqualified" from bringing the action "because his felonious actions caused the decedent's death."[2] Mr. Myres answered, asserting as

---

[1] The original Groves complaint is not in the record before us. Their first amended complaint names Adenus Group, LLC, Adenus Solutions Group, LLC, Adenus Utilities Group, LLC, as defendants, and alleges that "at all relevant times, Defendant Charles W. Myres was an authorized agent and/or representative of Defendant, Adenus Group, LLC, Adenus Solutions Group, LLC, Adenus Utilities Group, LLC"; the second amended complaint added Adenus Operations, LLC. Ms. Nelson named those entities as defendants in her second amended complaint.

[2] The complaint in the Nelson suit was filed in Sumner County Circuit Court and assigned number 2012-CV-567; it alleged the following with respect to Mr. Myres:

> 13. Upon information and belief, it is believed that Defendant Myres was operating the vehicle at the time of the accident under the influence of an intoxicant or drug in violation of T.C.A. 55-10-401.

affirmative defenses that "the negligence of Sharon G. Myres relating to the incident in question exceeds any negligence on the part of the Defendant Charles W. Myres," thereby barring her recovery, as well as comparative fault on the part of Mr. Bennett. In his answer to the Nelson suit, Mr. Bennett denied that his conduct was the cause of Sharon Myres' death and pled the doctrine of sudden emergency, specifically, that "the purported Defendant, Charles W. Myres while driving at a very high rate of speed tried to run this Defendant off of the road." After the Adenus entities were added as defendants in the Nelson suit, they filed an answer admitting, *inter alia*, that on the date of the accident, Mr. Myres was employed by Adenus Operations, LLC, and was operating a vehicle owned by Adenus Utilities Group, LLC; they asserted as an affirmative defense that, if either of the Adenus defendants was held at fault, "its fault . . . should be compared against the fault of Plaintiffs and/or against Defendant Justin Bennett."

In his suit, Mr. Myres sought to recover for his wife's wrongful death, as well as his loss of consortium and services.[3] Even though Mr. Bennett was named as the only

---

14. Defendant Myres' acts of racing, attempting to pass Defendant Bennett at a high rate of speed and driving the vehicle under the influence of an intoxicant were willful and reckless.

15. Defendant Myres is guilty of the following acts of negligence:
    a. failure to maintain a proper lookout;
    b. failure to keep Defendant's vehicle under proper control;
    c. failure to exercise the degree of care and caution required of a reasonable and prudent person under the same or similar circumstances; and
    d. failure to devote full time and/or proper attention to the operation of the vehicle.

16. The Defendant Myres is guilty of negligence per se for violating the following statutes of the State of Tennessee:
    a. T.C.A. § 55-8-123 - Traffic lanes;
    b. T.C.A. § 55-8-152 - Speed limits;
    c. T.C.A. § 55-10-205 - Reckless driving; and
    d. T.C.A. §55-8-103 - Crimes and offenses.
    e. T.C.A. 55-10-401 - operating a vehicle under the influence of an intoxicant or drug.

The complaint was amended twice, and the quoted paragraphs were retained and renumbered in the second amended complaint.

[3] This case, also filed in Sumner County Circuit Court, was assigned case number 2012-CV-572. In the complaint, Mr. Myres sought the following damages:

13. The Defendant should therefore be held liable for all damages resulting in the wrongful death of Mrs. Myres, and said damages include, but are not limited to:
    a. pain and suffering;
    b. medical bills;
    c. funeral expenses;
    d. loss of ability to enjoy life;
    e. loss of income; and

3

defendant, numerous answers were filed. On June 2, 2012, Allstate Insurance Company, stating that it had been "served as the alleged uninsured/underinsured carrier," filed an answer in the Myres suit (number 2012-CV-572). The record shows that on July 23, 2012, an answer was filed in case 2012-CV-572 by Westfield Insurance Company, stated to be "the uninsured/underinsured motorist carrier." The record also shows that on August 14, 2012, an "Answer To Charles Myres Complaint" was filed under docket number 2012-CV-567 by Mr. Bennett.[4]

As noted in footnote 1, the initial complaint in the Groves suit is not part of the record on appeal. The record contains an answer filed by Mr. Bennett, which asserts, *inter alia*, the affirmative defenses of sudden emergency and comparative fault.[5] After being added as defendants, the Adenus entities answered, raising the comparative fault of Mr. Bennett as an affirmative defense. An answer was also filed by Charles Myres, likewise raising, *inter alia*, the affirmative defense of the comparative fault of Mr. Bennett.

The Adenus entities and Westfield Insurance Company filed a joint motion to dismiss Ms. Nelson's complaint for failure to state a claim for relief, asserting that Charles Myres "has the superior right to bring an action for [Sharon Myres'] wrongful death, that he has done so, and that . . . Ms. Nelson has no right or standing to pursue her action." Mr. Myres filed a motion to dismiss on the same ground. Ms. Nelson subsequently filed a motion to intervene in the Myres suit, to disqualify Mr. Myres and substitute herself as plaintiff in his suit, and "for a misjoinder or non-joinder of this action severing the wrongful death case of Sharon Myres from the injury case of Charles Myres pursuant to Rule 21 of the Tennessee Rules [of] Civil Procedure."[6]

---

f. any and all other damages resulting from her wrongful death.

* * *

15. Mr. Myres should also be awarded damages against the Defendant for his loss of consortium and loss of services resulting from the wrongful death of Mrs. Myres.

* * *

17. The Defendant should therefore be held responsible for any and all the above referenced damages sustained by Mr. Myres and Mrs. Myres resulting from the subject motor vehicle accident because of its negligence per se.

[4] There is no explanation in the record or the briefs for the fact that there were two answers filed in the Myres suit (No. 572) as well as an answer on Mr. Bennett's behalf apparently misfiled in the Nelson suit (No. 567). Inasmuch as the dismissal of the Nelson complaint, rather than the Myres complaint, is the subject of this appeal, the discrepancy is not pertinent to the issues herein.

[5] Mr. Bennett does not name the party or parties he asserts to also be at fault.

[6] In her motion, Ms. Nelson sought, *inter alia*, a declaration that Mr. Myres lacked the capacity to properly pursue the wrongful death claim and that he had impliedly waived his right to sue by failure to join an indispensable party; as grounds, she stated:

After a hearing, the court dismissed Ms. Nelson's complaint, concluding that Tennessee Code Annotated section 20-5-106 "contemplate[s] only one cause of action for wrongful death" and "[Ms.] Nelson's claim must yield to the claim of the decedent's surviving spouse." The court considered Ms. Nelson's motions to be pretermitted. Pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the court designated the order as a final order, and Ms. Nelson appeals. Stated succinctly, the question we resolve is whether, under the circumstances presented, Charles Myres retains priority to prosecute the action for Sharon Myres' wrongful death.

## II. STANDARD OF REVIEW

This case was resolved upon a Rule 12.02(6) motion for dismissal for failure to state a claim. The standard of review we employ was explained by the Tennessee Supreme Court in *Cullum v. McCool*:

> Under Tenn. R. Civ. P. 12.02(6), the purpose of a motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. *Trau–Med of Am., Inc. v. Allstate Ins.,* 71 S.W.3d 691, 696 (Tenn. 2002). "Our motion-to-dismiss jurisprudence reflects the principle that this stage of the proceedings is particularly ill-suited for an evaluation of the likelihood of success on the merits or of the weight of the facts pleaded, or as a docket-clearing mechanism." *Webb v. Nashville Area Habitat for Humanity,* 346 S.W.3d 422, 437 (Tenn. 2011). In reviewing these motions, we are required to construe the complaint liberally, presume that all factual allegations are true and give the plaintiff the benefit of all reasonable inferences. *Id.* Only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief should a trial court grant a motion to dismiss. *Webb,* 346 S.W.3d at 426. The lower courts' legal conclusions are reviewed *de novo* without any presumption of correctness. *Id.*

432 S.W.3d 829, 832 (Tenn. 2013).

---

a. The surviving spouse of Sharon Myres, Charles Myres, has comparative fault in the accident which caused the death of the decedent.

b. The surviving spouse having comparative fault in the death of the decedent has a conflict of interest and cannot properly pursue the wrongful death case of Sharon Myres.

c. Counsel for the surviving spouse has a conflict of interest and cannot properly pursue the wrongful death case of Sharon Myres, which acts to the extreme prejudice of the sole child of the deceased, Brittany Nelson.

d. The above styled action seeks recovery for the wrongful death of Sharon Myres, however it seeks recovery from Justin Bennett only and fails to allege the fault of Charles Myres.

5

## III. ANALYSIS

Tennessee's wrongful death statutes are codified at Tennessee Code Annotated sections 20-5-106 through 113. Of particular pertinence to this case is section 106(a), which provides that:

> (a) The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; . . .

"[T]he statutes permitting an action for the wrongful death of another create 'no right of action exist[ing] independently of that which the deceased would have had, had [he or she] survived." *Kline v. Eyrich*, 69 S.W.3d 197, 206-07 (Tenn. 2002) (bracketed text in original) (quoting *Rogers v. Donelson-Hermitage Chamber of Commerce*, 807 S.W.2d 242, 245 (Tenn. Ct. App. 1990); citing *Memphis St. Ry. Co. v. Cooper*, 313 S.W.2d 444, 447 (Tenn. 1958). Accordingly, the suit "must be treated as if the injured party had brought it." *Memphis St. Ry. Co.*, 313 S.W.2d at 448.

This Court has previously summarized:

> Wrongful death actions were unrecognized at common law. Accordingly, they are purely creatures of statute, and are intended to preserve the deceased's own cause of action against the wrongdoer for damages from injuries sustained in the death-causing act. Wrongful death suits may only be brought by the statutorily-designated persons: the deceased's personal representative, the deceased's surviving spouse, or, if none, then the deceased's children or other next of kin.
> ***
> No matter how many suits parties may file to address an allegedly wrongful death, Tenn. Code Ann. §§ 20-5-106, -07 (1994 and Supp. 1999) contemplate only one cause of action. Accordingly, multiple actions for a single wrongful death cannot be maintained.

*Swanson v. Peterson*, No. M1999-00241-COA-R3-CV, 2000 WL 48502, at *2 (Tenn. Ct. App. Jan. 21, 2000) (internal citations omitted).

Tennessee's wrongful death statutes unambiguously provide that "the party who has the prior and superior right above all others to bring a wrongful death action is the

6

surviving spouse." *Foster v. Jeffers*, 813 S.W.2d 449, 450 (Tenn. Ct. App. 1991) (citing Tenn. Code Ann. §§ 20-5-106(a), 20-5-110). In a dispute between the surviving spouse and the children of the decedent as to who may maintain the action, the surviving spouse has "the prior and superior right above all others...." *Kline v. Eyrich*, 69 S.W.3d 197, 207 (Tenn. 2002) (quoting *Foster,* 813 S.W.2d at 451; citing Tenn. Code Ann. § 20-5-107 (1994); *Busby v. Massey,* 686 S.W.2d 60, 62 (Tenn. 1984)). When a surviving spouse fails to maintain control of the suit or takes action or fails to take action that is inconsistent with the decedent's claim, this constitutes a waiver of his or her right to prosecute the wrongful death action, and the next of kin can bring suit. *See Koontz v. Fleming*, 65 S.W.2d 821, 824 (Tenn. Ct. App. 1933) (holding that a surviving spouse's "superiority continues until she in some manner waives it" and reasoned that "there must be absolute action or inaction inconsistent with the claim or right in order to constitute waiver by conduct" (citing *Proctor Trust Co. v. Neihart*, 288 P. 574, 578 (Kan. 1930))); *Foster*, 813 S.W.2d at 453 (holding that waiver can result by inaction, stating that "a surviving spouse, who knows that he has a right of action, waives his right when he fails to maintain control over it by either effecting a compromise or bringing the action to trial"). Control over the suit includes the right to "effect a bona fide compromise" or "execute a valid release." Tenn. Code Ann. § 20-5-110(b).

As we construe the wrongful death statutes, we are mindful that the primary rule of statutory construction is to ascertain and give effect to the legislative intent, as expressed in the statute. *Tidwell v. Collins*, 522 S.W.2d 674 (Tenn. 1975). The right of action created under Tennessee Code Annotated section 20-5-106(a) is Sharon Myres' ability to recover "against the wrongdoer" who caused her death and inures to the benefit of her heirs at law. We must treat the wrongful death action "as if the injured party had brought it." *Memphis St. Ry. Co.*, 313 S.W.2d at 448. Ms. Nelson's complaint, the allegations of which we take as true, seeks to prosecute Sharon Myres' cause of action; the complaint names both Mr. Myres and Mr. Bennett as defendants, alleging that their conduct in operating their vehicles while under the influence of drugs or alcohol and driving at high rates of speed and recklessly, gave rise to their liability. In contrast, Mr. Myres' complaint sought to recover damages allegedly caused by only Mr. Bennett. Mr. Bennett (as well as parties involved in the other suits which were consolidated) raised the affirmative defense of Mr. Myres' comparative negligence in causing the death of Sharon Myres. In order to fully prosecute Sharon Myres' wrongful death cause of action, Mr. Myres would be placed in an inconsistent and impossible position as both plaintiff and defendant,[7] the effect of which is to vitiate the cause of action created by the statute and the relief available to the heirs of Sharon Myres.

---

[7] As this Court stated in *Bell v. Nolan,* "plac[ing] [a surviving spouse] in the position of both plaintiff and defendant [would be] an absurdity on its face." No. M2000-02684-COA-R3-CV, 2001 WL 1077956, at *5 (Tenn. Ct. App. Sept. 14, 2001).

7

In Ms. Nelson's complaint and in the affirmative defenses raised in each case, Mr. Myres' conduct is alleged to have caused Sharon Myres' death, making him a potential wrongdoer, within in the meaning of Tennessee Code Annotated section 20-5-106(a). Under the circumstances presented, Mr. Myres has an inherent conflict: his conduct is part of the cause of action for her wrongful death, but his complaint does not name him as a defendant nor include the allegation that he is a wrongdoer and bears responsibility for the death of Sharon Myres. The entire claim, as created by the statute, is preserved in Ms. Nelson's suit. Accordingly, we reverse the dismissal of Ms. Nelson's complaint and reinstate her action to recover for the wrongful death of Sharon Myres.

## IV. CONCLUSION

The case is remanded for further proceedings in accordance with this opinion. Our holding effectively eliminates the claim for the wrongful death of Sharon Myres from Mr. Myres' complaint; it does not affect his claims for loss of consortium or loss of services. Further, we resolve only the issue of who should prosecute the wrongful death action; we do not address any issue pertaining to the right of recovery of any proceeds of such a claim.[8]

_____
RICHARD H. DINKINS, JUDGE

---

[8] Ms. Nelson had three motions which were not ruled upon by the trial court; on remand, the trial court should consider those motions which have not been resolved by this ruling.