IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 29, 2023 Session

## ANTHONY T. GROSE, SR., AND HERBERT GROSE, CO-ADMINISTRATORS OF THE ESTATE OF LUCILLE GROSE, DECEASED v. CHARLES STONE

**Appeal from the Circuit Court for Shelby County**
**No. CT-001809-18  Rhynette N. Hurd, Judge**

_____

### No. W2023-00090-COA-R3-CV

_____

This is a wrongful death action that was filed *pro se* by two sons of the decedent, in their capacity as co-administrators of the estate of the decedent, on behalf of the decedent's six children.  The trial court found that the action was filed by persons not authorized to practice law on behalf of the estate and/or others, and therefore, it was void *ab initio* and a nullity.  Accordingly, the trial court dismissed the complaint in its entirety.  The two *pro se* sons appeal.  We conclude that the complaint was void to the extent that the *pro se* sons asserted claims on behalf of other heirs of the decedent, as they were engaged in the unauthorized practice of law.  However, the complaint was partially proper to the extent that the two *pro se* sons were also asserting their own right of action under the wrongful death statute.  Consequently, the trial court erred by dismissing the complaint in its entirety. However, on remand, the additional heirs will be given an opportunity to file a motion to intervene.  In the event they do not, the trial court is directed to consider Tennessee Rules of Civil Procedure 19.01 and 19.02 in order to determine whether the other heirs are indispensable parties and to consider issues related to such a determination.  Thus, the decision of the circuit court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Anthony T. Grose and Herbert Grose, Memphis, Tennessee, Pro Se.

Andrew Hume Owens, Memphis, Tennessee, for the appellee, Charles Stone.

Robert Lewis Moore, Memphis, Tennessee, for the appellee, State Farm Mutual Automobile Insurance Company.

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

This litigation arises out of an automobile accident that occurred in 2015 and resulted in the death of Lucille Grose. A wrongful death action was initially filed by counsel, but after he was granted permission to withdraw, the plaintiffs, proceeding *pro se*, took a nonsuit. In 2018, the wrongful death case was re-filed *pro se.* The style of the case identified the plaintiffs as Lonita Grose-Dowdy, Administratrix, and Anthony T. Grose, Sr., Co-Administrators of the Estate of Lucille Grose, deceased. The complaint stated that Lonita and Anthony were "the duly appointed representatives of the decedent's estate," having been appointed by the probate court.[1] The complaint asserted a wrongful death claim arising out of the automobile accident and alleged that "[t]he Heirs at Law of the Decedent, her children, have been deprived of consortium and the enjoyment of life" due to the negligence of the other driver, defendant Charles Stone. It further alleged that "Plaintiff and the Heirs of the Decedent sustained a loss of consortium as a result of the injuries to, and ultimately the death of their mother, Lucille Grose." However, the complaint did not specify how many heirs were purportedly represented, or their identity. The complaint concluded by asking the court to allow the wrongful death suit "to rightfully move forward in a *pro se* status" because the plaintiffs had sought with due diligence to retain counsel to no avail. The complaint was signed by Lonita as "Administratrix, *pro se*," and by Anthony as "Co-Administrator, pro se."

Thereafter, Anthony and Herbert Grose (rather than Lonita) filed a *pro se* "Notice of Appearance," stating that they were "the current Probate Court Appointed Co-Administrators, assigned to the Estate of Lucille Grose[.]" They stated that they had been unsuccessful in their attempts to retain counsel, and based on "their interest as 'heirs' to the rightful claims of the Estate of Lucille Grose," they "move[d] to prosecute their complaints and claims as *pro se*, litiga[nts]." At a hearing in November 2019, then-trial judge Mary Wagner asked the parties present in the courtroom to explain "[w]ho is a party to this action." The individuals who responded and identified themselves as parties were Curtis Grose, Corwin Grose, Jefferson Grose, Anthony Grose, and Herbert Grose. They also explained that Lonita was "not here today." Anthony identified himself as the administrator of the Estate of Lucille Grose and mentioned documents that he had filed with the court. Judge Wagner responded, "I'm not sure you can do that *pro se*. I'm going

---

[1] Because most of the heirs of the deceased share the same last name, we will refer to them by their first names. We intend no disrespect.

- 2 -

to have to check the law. We will soldier on this morning." At the conclusion of the hearing she reiterated, "Gentlemen, you are representing the Estate, but we all need to check the law to make sure that you can as an unlicensed person proceed in a[] representative capacity[.]"

That same day, Anthony and Herbert filed a formal motion to amend, seeking to name Herbert as co-administrator in place of Lonita, stating that she had relocated and due to medical reasons would be unable to attend the proceedings. At another hearing in 2020, Judge Wagner asked Anthony and Herbert if they had any authority to support their position that they could represent the estate *pro se*. They responded that they were left with no other alternative. Judge Wagner explained that a *pro se* individual cannot represent a business entity, such as a corporation, but she questioned exactly who or what Anthony and Herbert were purporting to represent, acknowledging, "frankly I'm not sure it is an estate." She then attempted to clarify the issue with Anthony and Herbert, asking each one directly, on whose behalf was the action brought. Anthony responded, "On behalf of the estate of Lucille Grose." Herbert agreed but added "and the other siblings." Judge Wagner asked Herbert if he was "bringing this lawsuit on your individual behalf," to which Herbert responded, "Yes, I am." Judge Wagner then asked Anthony the same question regarding whether he was bringing the lawsuit on his individual behalf. He said, "As one of the heirs and as a probate administrator that has been assigned to oversee the estate, yes." Judge Wagner repeated her concern about whether a nonlawyer could represent the estate but concluded that everyone would "have to clarify all these issues before we have a trial[.]" The trial court did enter an order substituting Herbert as administrator in place of Lonita.

Anthony and Herbert filed a series of recusal motions, which Judge Wagner denied. At a hearing in January 2021, Judge Wagner reiterated that the issues surrounding Anthony and Herbert's ability to represent other individuals or entities needed to be resolved. She asked Anthony and Herbert if they were the only children of Lucille Grose, and they explained that Lucille also had other children who were also beneficiaries of the wrongful death claim. Anthony and Herbert acknowledged that they were "attempting to represent [their] siblings' claims in this wrongful death action," in addition to representing the estate, due to the fact that they had been unable to retain counsel. Judge Wagner explained that a personal representative who files a wrongful death action does so, not for the benefit of the estate, but for the benefit of the wrongful death beneficiaries, which in this case would be "all the siblings, all the children of the deceased." Judge Wagner acknowledged that a *pro se* litigant may manage one's "own case" in court, but she explained that a *pro se* litigant may not conduct litigation on behalf of another individual or entity. Thus, she decided to stay the litigation for 45 days for the plaintiffs "to either obtain an attorney or show cause as to how you can represent these other individuals being the fact that you're not licensed." Judge Wagner entered an order to this effect on January 12, 2021. It stated that the court, "sua sponte, raised a question as to the propriety of the Plaintiffs proceeding pro se," as the siblings of Anthony and Herbert each "have a claim of their own" and Anthony and Herbert were attempting to proceed "on the behalf of the other siblings" even though they were not

- 3 -

licensed to practice law. The order stated that if the plaintiffs failed to obtain counsel or show cause as to why they should not be required to obtain such representation, "this matter may be subject to a motion to dismiss for failure to prosecute."

Anthony and Herbert filed a motion for an extension of time to obtain counsel. They later filed four separate (but substantially similar) lengthy sets of documents, one for each of the four remaining siblings, purporting to grant power of attorney to Anthony and Herbert.[2] For each sibling, the documents stated,

> As a plaintiff, {1 of 6 siblings} in civil suit No. CT-001809-18 of the Shelby County 30th Judicial District at Memphis, Tennessee hereinafter referred to as the said suit pending in the circuit court, hereby nominate and appoint_Anthony T. Grose and, Herbert Grose, {Son's} of the Estate of Lucille Grose, et al as my: "Attorney-In-Fact," "Power of Attorney," for me in my name and on my behalf to do execute all or any of the following acts or things in connection with the said suit.
> 1. To represent me before the said court . . . .

Each of the additional siblings – Lonita, Jefferson, Corwin, and Curtis -- had signed such a set of documents with a notation by his or her signature stating, "*heir, beneficiary of the Estate of Lucille Grose*[.]" Each set of documents also contained a "Notice of Appearance" by Anthony and Herbert, with each purporting to give notice "to the court as a *non-lawyer, non-attorney*, of a appearance to represent [the other siblings]."

The plaintiffs then filed another motion for recusal, which Judge Wagner denied. At a hearing in April 2021, Anthony and Herbert indicated that counsel still had not been retained on behalf of the additional beneficiaries. As such, Judge Wagner ordered Anthony and Herbert to file a notice with the probate court alerting it to the pendency of this

---

[2] The particular document for Lonita, for example, was entitled, "ATTORNEY-IN-FACT POWER OF ATTORNEY ENTRY FOR, - <u>LONITA GROSE-DOWDY</u> Pursuant to a Court ORDER issued on 01-12-2021 Tenn. Code 34-6-109." It stated, "I,_Lonita Grose-Dowdy_ Case No. CT-001809-18 as an, *heir, beneficiary, interested party* that has/had a financial interest [in], damages compensation, etc. that arise from a car crash fatality owed too: the Estate of Lucille Grose, et al [m]y [m]other . . . am [a] beneficiary {1 of 6 heirs, siblings}[.]" It stated that Lonita granted Anthony and Herbert authority "to represent me" in the wrongful death case as attorney-in-fact "as a person who is authorized to act on behalf of another person . . . in my interest, and in the interest of the Estate of Lucille Grose." The document stated that Anthony and Herbert would "speak on my behalf," as the estate had been unable to retain counsel, and Anthony and Herbert were "[G]ranted authority collectively by 'all' heirs, siblings, beneficiaries[.]" It also stated that Anthony and Herbert were "assisting [her] and the Estate of our mother which we 'all' six *heirs* have a cause of action interest in the 'wrongful death claims[.]" Referencing Tennessee Code Annotated section 34-6-109, the document granted the attorney-in-fact powers to "[s]ue, defend or compromise suits and legal actions[.]" Thus, it stated that Anthony and Herbert could "represent {me}" and "represent my interest in this matter as a heir, beneficiary whom had a claim against the defendant," as "'all' siblings have a vested interest in this 'wrongful death' lawsuit[.]"

wrongful death suit and the fact that Anthony and Herbert were attempting to proceed *pro se*, in the hopes that the probate court would appoint an attorney "to handle this matter." The trial court entered a written order to that effect as well. The plaintiffs subsequently filed yet another motion for recusal, which Judge Wagner again denied, describing it as "Plaintiffs' at least 5th motion for recusal." The plaintiffs then filed another recusal motion on November 28, 2022. The following day, Judge Wagner entered an order recusing herself "for good cause shown."

The case was transferred to another division of the circuit court, where a hearing was held before Judge Rhynette Hurd days later, on December 2. Like Judge Wagner, Judge Hurd expressed concern about the viability of the claim considering the fact that Anthony and Herbert were attempting to represent a group of six sibling beneficiaries. She explained that litigants can represent themselves but not other beneficiaries of the wrongful death claim. Judge Hurd believed that representing other beneficiaries would constitute the unauthorized practice of law, but she questioned whether the entire lawsuit would be void or whether the claims of the two *pro se* beneficiaries could go forward. She noted that "[t]he only claims that could possibly go forward are the claims of individuals who signed pleadings[.]" At the same time, she expressed concern about the possibility of one or two beneficiaries proceeding with a wrongful death claim when no one was representing the other siblings, who she considered to be "proper plaintiffs." She asked the parties to "imagine what the trial would be like" if only one or two people were pursuing the claim and five others "who have an interest in it" have not asserted their claims. Judge Hurd noted the possibility of dismissal for failure to prosecute, but she ultimately decided to dismiss the entire lawsuit. The attorneys and *pro se* parties were directed to work together on a proposed order.

Before any written order was entered, the plaintiffs filed a motion for disqualification of Judge Hurd. However, Judge Hurd entered a written order of dismissal, memorializing her oral ruling, on December 20, 2022. At the outset, the order acknowledged that a recusal motion was filed after Judge Hurd announced her ruling from the bench dismissing the case. However, she found it appropriate to proceed with entry of the order of dismissal because she had already ruled on the issue and only had to memorialize it by order. As for the substance of the decision, Judge Hurd's order began by noting that Lucille Grose was unmarried at the time of her death and had six children, to whom the right of action passed under the wrongful death statute. The order noted that two of those children, Anthony and Lonita, had originally filed the wrongful death action *pro se* as co-administrators of the estate, but Herbert was later substituted for Lonita. Judge Hurd explained that the wrongful death claim belonged to the two *pro se* litigants *and* their siblings, but the two *pro se* litigants could not conduct litigation on behalf of any other individual or entity because they are not attorneys. She noted that the two *pro se* litigants in this case were admittedly litigating as representatives of their siblings or the estate, which was impermissible. Judge Hurd's order recognized that Anthony, Herbert, and Lonita were "proper plaintiffs in this action," but she concluded that "they were not

authorized to file this lawsuit and proceed with the action without counsel." Judge Hurd reasoned that because a wrongful death claim in Tennessee is "one indivisible right of action," it "may be conducted and managed by a non-attorney only if that non-attorney . . . represents only his or her own interests." Because Anthony and Herbert additionally filed suit on behalf of the estate and/or their siblings, Judge Hurd concluded that they were engaged in the unauthorized practice of law, and the entire complaint was void ab initio and a nullity. She dismissed the complaint in its entirety and stated that all unresolved matters were denied.[3]

## II. ISSUES PRESENTED

Herbert and Anthony each filed a separate *pro se* brief on appeal. However, they are substantially similar. The issues they present are difficult to decipher, so we will quote them directly from their briefs (with record citations omitted):

1. The trial court err of prejudice, an abuse of discretion that dismissed appellants' civil action on the grounds of, "unauthorized practice of law."; *al binito* and is voids, nullity that dismissed the appellants claims?
2. The trial court err of prejudice, of an abuse of discretion in denying:
(a) Appellants Motion – "For a New Trial?"
(b) Appellants Motion – "Judgment Notwithstanding the Verdict (JNOV)?"
(c) Plaintiffs – "Motion For Change of Venue"
(d) Plaintiffs – "Motion to Allow Plaintiffs to Proceed on Their Claims";
3. The trial court err of prejudice, of an abuse of discretion denying. Plaintiffs – "Motion for - Recusal?"
4. The trial court err exhibit bias, prejudice of an abuse of discretion at a June 10, 2022 Defendants hearing on a Motion to Dismiss and/or Stike

---

[3] Two weeks after the final order was entered, on January 3, 2023, the plaintiffs filed a "Re-Filed" motion for disqualification of Judge Hurd, a "Notice of Filing of Documents," an "Objection for Reconsideration on the Court Order of Dismissal," "Motions for Reconsideration on the Courts' Order of Dismissal," and other documents. Days later, the plaintiffs filed a "Motion for a New Trial, Judgment Notwithstanding the Verdict (JNOV), and Change of Venue." On January 11, 2023, the plaintiffs filed a "Motion that Allows Anthony Grose & Herbert Grose to Proceed in their Capacity on/of their Claims." On January 13, however, plaintiffs filed a notice stating that they had not set their several motions to be heard due to "scheduling conflicts of the death funeral of family members," and their later attempts to consult with opposing counsel and the court to schedule the pending motions for hearing was "to no avail." Thus, the notice stated that it was "apparent that those motions shall not be heard prior to the plaintiff's filing a timely appeal to this lawsuit that is before the trial court." They stated they had recently learned that Judge Hurd was "off the bench" until January 23, which "would be beyond the required time for the Plaintiffs to file their Appeal in this matter." Thus, "due to these unforeseen circumstance[s]," the plaintiffs gave notice that they "had tried with due diligence to get their motions heard to no avail." They filed a notice of appeal to this Court on January 17, 2023. No order was entered addressing the post-judgment motions. It is not clear to this Court if the trial court considered the motions abandoned in light of the notice filed by the plaintiffs, or whether the court deemed the post-judgment motions nullities in the same manner as the complaint.

Portions of Plaintiff's Amended Claims, Complaint?

5.	Whether the Circuit Court's Final Order should be vacated in part or in whole as the Circuit Court does not have in part subject matter jurisdiction of the Probate Court's Estate of Lucille Grose, et al Open Docket No. PR004215?

6.	The Circuit Court's err in its Final Order should be reversed because there is material evidence in the record to support the factual findings that the court has subject matter Jurisdiction of Anthony Grose and Herbert Grose beneficiary individuals claims.

7.	*Finally*, The trial court err in its opinions, decisions, with prejudice, bias, abuse of discretion when it ruled of a decision that. Any and all unresolved matters filed, argued, or otherwise presented to the Court for consideration are hereby denied. Cost are assessed against Anthony Grose and Herbert Grose.

The argument sections of the plaintiffs' briefs that appear to correspond to issues three and six cite no legal authority, and therefore, we deem those two issues waived. *See McGarity v. Jerrolds*, 429 S.W.3d 562, 566 n.1 (Tenn. Ct. App. 2013) ("The failure to cite authority to support an argument on appeal constitutes a waiver of the issue."); *Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 474 (Tenn. Ct. App. 2003) ("Failure to cite authority for propositions in arguments submitted on appeal constitutes waiver of the issue.").

We deem issue two, regarding the four post-judgment motions, waived as well. In this section of their brief, the plaintiffs have inexplicably included a paragraph entitled "Description and Organization of the State Court System," setting out the jurisdiction of circuit versus chancery courts. They also include a list of several types of motions that must be made within thirty days after judgment entry. However, they provide no analysis of any of the post-judgment motions filed in this case and mentioned within their issue. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.'" *Lunsford v. K-VA-T Food Stores, Inc.*, No. E2019-01272-COA-R3-CV, 2020 WL 1527002, at *6 (Tenn. Ct. App. Mar. 31, 2020) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)).

Finally, for issue number four, the plaintiffs only cite three cases regarding awards of attorney fees, but they were not ordered to pay attorney fees. Thus, this authority is irrelevant and issue four is also deemed waived. *See Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."); *Lacy v. Big Lots Stores, Inc.*, No. M2019-00419-COA-R3-CV, 2023 WL 163974, at *3 (Tenn. Ct. App. Jan. 12, 2023) ("Generally, when a

party fails to cite to relevant authority, we consider that issue waived."); *Berry v. City of Memphis*, No. W2014-01236-COA-R3-CV, 2015 WL 1650763, at \*4 (Tenn. Ct. App. Apr. 13, 2015) ("Our courts have repeatedly held that the failure to cite to relevant legal authority to support an argument may result in a waiver of the argument on appeal.").[4]

## III.   DISCUSSION

### A.   *Subject Matter Jurisdiction*

We begin with the fifth issue raised by Anthony and Herbert because it appears to be based on subject matter jurisdiction.  They frame the issue as: "Whether the Circuit Court's Final Order should be vacated in part or in whole as the Circuit Court does not have in part subject matter jurisdiction of the Probate Court's Estate of Lucille Grose, et al Open Docket No. PR004215?"  Their argument with respect to this issue is difficult to follow.  The wording of the issue itself suggests that "the Circuit Court does not have in part subject matter jurisdiction of the Probate Court's Estate[.]"  In the argument section of their briefs, they discuss "appellate jurisdiction of circuit courts" from suits filed in inferior tribunals.  They also cite statutes that, they suggest, govern "contested claims" filed against an estate.  This section of their briefs concludes by stating:

> As a consequence, the Shelby County Circuit Court erred it lacked subject matter jurisdiction to hear Anthony Grose, and Herbert Grose (beneficiaries claims to a wrongful death) should be reverse *to the circuit court for continued litigated, adjudicated*. When the appellate court or the supreme court finding that the Circuit Court was without jurisdiction requires that courts vacate the judgment of the Circuit Court.

(emphasis added).  The plaintiffs' arguments, to the extent we can decipher them, are misplaced because this was a wrongful death action filed in circuit court.  It was not a claim filed *against* an estate, nor was it an appeal from probate court.  We reject the plaintiffs' contention that the circuit court's judgment must be vacated for lack of "subject matter jurisdiction of the Probate Court's Estate."

### B.   *Pro se Pleadings*

The seventh issue presented by the appellants is so broadly worded that it is difficult to determine what they are challenging.  It states, "Finally, The trial court err in its opinions,

---

[4] To the extent that the *pro se* briefs could be construed as arguing other issues not designated as issues presented for review, those are likewise waived. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) ("[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)."). Finally, any issues that are raised for the first time in a reply brief are waived. *See Tennison Bros., Inc. v. Thomas*, 556 S.W.3d 697, 732 (Tenn. Ct. App. 2017) ("Issues cannot be raised for the first time in a reply brief.").

decisions, with prejudice, bias, abuse of discretion when it ruled of a decision that. Any and all unresolved matters filed, argued, or otherwise presented to the Court for consideration are hereby denied. Cost are assessed against Anthony Grose and Herbert Grose." This section of their briefs only cites one case in support, to the effect that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.

"'*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.'" *Whalum v. Marshall*, 224 S.W.3d 169, 179 (Tenn. Ct. App. 2006) (quoting *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988)). As this Court has repeatedly noted,

> Parties who decide to represent themselves are entitled to equal treatment by the court. *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). The court should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Id.* However, the court must also be mindful of the boundary between fairness to the pro se litigant and unfairness to the pro se litigant's adversary. *Id.* While the court should give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs, it must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

*Augustin v. Bradley Cty. Sheriff's Office*, 598 S.W.3d 220, 225 (Tenn. Ct. App. 2019) (quoting *Lacy v. Mitchell*, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016)). From our review of the record, the trial court demonstrated both fairness and patience in dealing with these *pro se* litigants. And, we will likewise bear the aforementioned principles in mind when reviewing the plaintiffs' *pro se* wrongful death complaint.

## C. *Wrongful Death Action*

The final issue remaining for our review is whether the trial court erred in dismissing the wrongful death action in its entirety on the ground that Anthony and Herbert were engaged in the unauthorized practice of law, rendering the complaint void.

We begin by reviewing Tennessee's statutory framework for wrongful death cases. "'Tennessee's wrongful death statutes form a patchwork of sorts,'" as there are a number of statutes relating to the same matter that must be considered. *Spires v. Simpson*, 539 S.W.3d 134, 141 (Tenn. 2017) (quoting *Beard v. Branson*, 528 S.W.3d 487, 496 (Tenn. 2017)). "Under our statutory scheme, a person's right of action for negligence does not abate upon his death." *Id.* Tennessee Code Annotated section 20-5-106(a) provides:

> The right of action that a person who dies from injuries received from

another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death *but shall pass to* the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered or abandoned by them pursuant to any court order removing such person from the custody of such parents or parent; or otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors.

(emphasis added). "Our reported decisions, not to mention the unreported ones, indicate that throughout the years since the enactment of the wrongful death statute litigants have encountered considerable difficulty in determining the proper party to file and prosecute the action." *Chapman v. King*, 572 S.W.2d 925, 928 n.2 (Tenn. 1978). Notably, however, "the decedent's surviving spouse, if there is one, has the prior and superior right above all others to file the wrongful death action and control the litigation." *Spires*, 539 S.W.3d at 141 (quoting *Beard*, 528 S.W.3d at 499). "If there is no surviving spouse, then priority goes to the children, and then to the next of kin." *Williams v. Smyrna Residential, LLC*, No. M2021-00927-SC-R11-CV, --- S.W.3d. ----, 2024 WL 655014, at *11 n.5 (Tenn. Feb. 16, 2024) (citing *Beard*, 528 S.W.3d at 499-500).

It is important to note, however, that "the questions of who may institute and control the litigation and who may benefit from the wrongful death proceeds are separate and distinct." *Nelson v. Myres*, 545 S.W.3d 428, 432 n.4 (Tenn. 2018); *see also Gilliam ex rel. Gilliam v. Calcott*, No. 03A01-9904-CV-00133, 2000 WL 336503, at *2 (Tenn. Ct. App. Mar. 30, 2000) ("Obviously, there is a critical distinction between the right to bring the action, on the one hand, and the right to share in the proceeds of a settlement or judgment, on the other."). Tennessee Code Annotated section 20-5-106 "addresses only the bringing and passing of the right of action" and "does not address who is entitled to the proceeds of the action." *Gilliam*, 2000 WL 336503, at *2. The wrongful death statutes do not describe how the proceeds of the action are to be distributed, but "Tennessee courts have consistently held that the proceeds are distributed according to the laws of intestate succession."[5] *Spires*, 539 S.W.3d at 141. Thus, "[e]ven though the surviving spouse has

---

[5] The proceeds "do not *actually* become property of the decedent's estate" but "are paid to the beneficiaries through the laws of intestate succession *as if* they were the personal property of an intestate decedent." *Beard*, 528 S.W.3d at 503 n.16. As the Court explained in *Spires*, 539 S.W.3d at 141-42:

Under our laws of intestate succession, if an intestate decedent leaves both a surviving spouse and children, the surviving spouse receives one-third of the decedent's estate or a

the right *to file* the wrongful death lawsuit and to control it, *the proceeds* do not belong solely to the surviving spouse if the decedent had children." *Id.* (emphasis added). "Reading the wrongful death statutes together with the laws of intestate succession, the decedent's surviving spouse is entitled to file the wrongful death action, but the decedent's children are entitled to share in the wrongful death proceeds as 'passive' beneficiaries." *Id.* at 142 (citing *Beard*, 528 S.W.3d at 501). "The statutory beneficiaries in a wrongful death action may recover 'damages for *their* losses suffered as a result of the death as well as damages sustained by the deceased from the time of injury to the time of death.'" *Id.* at 141 (quoting *Beard*, 528 S.W.3d at 498).

Against this backdrop, we examine the Tennessee Supreme Court's decision in *Beard v. Branson*, 528 S.W.3d 487 (Tenn. 2017), as it involves many issues similar, but not identical, to those before us. In *Beard*, a decedent's surviving spouse filed a *pro se* wrongful death action shortly before the one-year statute of limitations lapsed. *Id.* at 489. The complaint did not mention any other surviving heirs of the decedent. *Id.* at 490. However, the defendant subsequently learned that the decedent also had two daughters, both of whom were statutory beneficiaries of the wrongful death action. *Id.* at 489. The defendant moved for summary judgment, arguing that the surviving spouse had filed the *pro se* complaint in a representative capacity on behalf of the decedent *and* the other statutory beneficiaries, and therefore, it was void *ab initio*. *Id.* The surviving spouse retained an attorney and filed an amended complaint, but the statute of limitations had by then expired. *Id.* The defendant contended that the filing of the amended complaint could not relate back to the date of the initial complaint if it was void, so the lawsuit was time-barred. *Id.* The trial court denied the motion and permitted the amended complaint to relate back to the date of the initial *pro se* complaint. *Id.* The trial court held that "the initial *pro se* complaint was 'partially proper' because, in addition to pursuing the claims of the other statutory beneficiaries, [the surviving spouse] was pursuing his own claim under the wrongful death statutes[.]" *Id.* at 492. In reasoning that the complaint was "partially proper," the trial court explained:

> If a plaintiff is acting in a purely representative capacity, the filing of a complaint is a nullity. . . . In the case *sub judice* the plaintiff is pursuing his own claim and that of the children of the deceased. If he were pursuing his own claim, he would unquestionably have the right to proceed *pro se*. If he were pursuing only the claim of the children, he would not. Since the action necessarily contains both types of claims, it presents in the same action a claim which the court will entertain and one which it will not.

---

child's share of the estate, whichever is greater. Tenn. Code Ann. § 31-2-104(a) (2015). If the decedent has no surviving spouse, the estate is distributed to the decedent's issue according to their degree of kinship. *Id*. § 31-2-104(b)(1). If the decedent has no surviving spouse and no issue, the entire intestate estate passes "to the decedent's parent or parents equally." *Id*. § 31-2-104(b)(2).

*Id.*

The Tennessee Supreme Court granted permission to appeal "to determine whether a surviving spouse who files a wrongful death lawsuit is acting as a legal representative of the decedent and whether a wrongful death lawsuit filed *pro se* by the surviving spouse is void *ab initio* based on the spouse's *pro se* status." *Id.* at 489. "At the outset," the Court explained that "'only licensed attorneys may engage in the practice of law in Tennessee.'" *Id.* at 495 (quoting *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015)). "In Tennessee, the practice of law 'relates to the rendition of services for others that call for the professional judgment of a lawyer.'" *Id.* (quoting *Vandergriff*, 482 S.W.3d at 553). For example, "'[t]he preparation and filing of a complaint requires the professional judgment of a lawyer, and is, therefore, the practice of law.'" *Id.* (quoting *Old Hickory Eng'g and Mach. Co. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996)).

At the same time, the Court recognized that "a person who is not an attorney 'may conduct and manage *the person's own case* in any court of this state' without violating the prohibition against the unauthorized practice of law." *Id.* (citing Tenn. Code Ann. § 23-1-109 (2009)). Still, "this right of self-representation extends only to the individual's right to conduct and manage his or her *own* case; a non-attorney may not conduct litigation on behalf of an entity or another individual, because doing so would constitute the unauthorized practice of law." *Id.* (citing *Vandergriff*, 482 S.W.3d at 552). To illustrate, the Court gave some examples. "[T]he parents of a minor child may not file a *pro se* complaint on behalf of their child, asserting the child's personal injury claims." *Id.* By rule, a parent may "sue" on behalf of a minor child, but that does not authorize the parent to practice law while acting on behalf of the child. *Id.* (quoting *Vandergriff*, 482 S.W.3d at 553). "Similarly, a non-attorney president of a corporation cannot file a lawsuit on behalf of the corporation; corporations are artificial entities, so for the president of a corporation to sign a complaint purely as the corporation's legal representative constitutes the unauthorized practice of law." *Id.* (citing *Old Hickory*, 937 S.W.2d at 786).

The Supreme Court then considered, as an issue of first impression, "whether, under Tennessee's wrongful death statutes, [the surviving spouse's] wrongful death case is his 'own case' brought pursuant to his right to self-representation, or whether it is brought in a representative capacity on behalf of either the decedent or the other statutory beneficiaries." *Id.* at 496. This required an in-depth examination of Tennessee's wrongful death statutes. *Id.* The Court explained that wrongful death actions did not exist at common law, and "actions for personal injuries terminated upon the victim's death." *Id.* (citing *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 596 (Tenn. 1999)). All states eventually abrogated that common law rule "so that a victim's right of action does not die with the victim." *Id.* However, the methods of abrogating the common law rule varied significantly from state to state. *Id.*

"Wrongful death statutes are generally characterized as either 'survival statutes' or

'purely wrongful death statutes.'" *Id.* (citing *Jordan*, 984 S.W.2d at 597). Under "survival statutes," "the cause of action vested in the victim at the time of death is transferred to the person designated in the statutory scheme to pursue it, and the action is enlarged to include damages for the death itself." *Id.* at 497 (citing *Jordan*, 984 S.W.2d at 597). However, "the recoverable damages are those to which the decedent would have been entitled, such as lost wages, medical expenses, pain and suffering, and other injuries suffered by the victim." *Id.* (citing *Jordan*, 984 S.W.2d at 597). In contrast, "purely wrongful death" statutes "create a new cause of action in favor of the survivors of the victim for their loss occasioned by the death," generally seeking to compensate the beneficiaries "for the loss of the economic benefit which they might reasonably have expected to receive from the decedent in the form of support, services or contributions during the remainder of [the decedent's] lifetime if [the decedent] had not been killed." *Id.* (citing *Jordan*, 984 S.W.2d at 597-98).

Tennessee's wrongful death statutes, the Court acknowledged, had undergone "more than a century of piecemeal revision by the legislature and interpretation by the courts," resulting in "a hybrid between the survival and wrongful death statutes, . . . with a 'split personality.'" *Id.* (citing *Jordan*, 984 S.W.2d at 597-98). As previously noted, Tennessee's wrongful death statute states that the right of action "shall pass to" the surviving spouse, and in case there is no surviving spouse, to the others designated in the statute. *Id.* (quoting Tenn. Code Ann. § 20-5-106(a)). "The next section of the wrongful death statutes describes who is entitled to *bring* the wrongful death action." *Id.* (emphasis added). It provides: "The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin." *Id.* at 497-98 (quoting Tenn. Code Ann. § 20-5-107(a)). Section 20-5-110 further provides that a wrongful death suit "may be brought in the name of the surviving spouse for the benefit of the surviving spouse and the children of the deceased, in the name of the administrator of the deceased spouse or in the name of the next of kin of the spouse." *Id.* at 498 (quoting Tenn. Code Ann. § 20-5-110(a)). However, "'[t]he surviving spouse may effect a bona fide compromise in such a suit or right of action and may execute a valid release that shall be binding upon all the children of the deceased or next of kin of the deceased.'" *Id.* (quoting Tenn. Code Ann. § 20-5-110(b)). "The personal representative may institute the wrongful death action, but he does so for the benefit of the spouse and/or the other statutory beneficiaries, not the decedent's estate." *Id.* (citing Tenn. Code Ann. § 20-5-106(a)).

The "split personality" of the wrongful death statute manifests in the damages provision, the Court explained. *Id.* It provides that the party suing has the right to recover "for the mental and physical suffering, loss of time and necessary expenses *resulting to the deceased* from the personal injuries, *and also the damages resulting to the parties for whose use and benefit the right of action survives* from the death consequent upon the injuries received." *Id.* (quoting Tenn. Code Ann. § 20-5-113). As such, "the statutory beneficiaries may recover both damages suffered by the decedent (like true survival

- 13 -

statutes) and also damages suffered by the beneficiaries (like purely wrongful death statutes)." *Id.* "While the damages that are recoverable under Tennessee's statutes are the type that can be recovered in both survival statutes and purely wrongful death statutes, Tennessee's statutory designation of the recipients of the proceeds is more similar to purely wrongful death statutes." *Id.* The damages are free from the claims of the decedent's creditors. *Id.* (citing Tenn. Code Ann. § 20-5-106(a)). In addition, the proceeds "pass to the statutory beneficiaries in accordance with the laws of intestate succession." *Id.* at 499. "Thus, as in pure wrongful death statutes, any proceeds of the action go to the statutory beneficiaries, not to the decedent's estate." *Id.*

The *Beard* Court then turned to the issue of whether the surviving spouse was representing the decedent in filing the *pro se* wrongful death complaint. *Id.* at 500. Again, under our statutes, the "surviving spouse, if there is one, has 'the prior and superior right above all others' to file the wrongful death action and control the litigation." *Id.* at 499. (quoting *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991)). If the surviving spouse has asserted his or her right or priority, "the statutes give to the surviving spouse complete 'control over the right of action until he or she waives that right.'" *Id.* (quoting *Kline v. Eyrich*, 69 S.W.3d 197, 207 (Tenn. 2002)). "[T]he surviving spouse is entitled to control the litigation and to hire the attorney or attorneys needed to prosecute the action," and more importantly, "the surviving spouse also has the discretion either to litigate the claim or to settle it in a manner that is binding upon the children." *Id.* (quoting *Kline*, 69 S.W.3d at 207).

The Supreme Court acknowledged previous caselaw holding that "a wrongful death action in Tennessee is one indivisible right of action," and it is not a newly created one but the same right of action that originated with the decedent. *Id.* at 501. The Court also recognized that "in some sense, a wrongful death action is always prosecuted 'on behalf of' the decedent, because the suit asserts a right of action that originally belonged to the decedent and would have continued to belong to the decedent had death not intervened." *Id.* at 502. However, "recognition that the right of action asserted in a wrongful death lawsuit originated in the decedent [did] not equate to a holding that the surviving spouse is acting *as a legal representative* for the decedent." *Id.* The precise issue before the Court in the *Beard* case was "whether a surviving spouse who files a wrongful death action is asserting his own claim or that of the decedent." *Id.* Because the wrongful death statute, by its terms, provides that the right of action "*shall pass to*," or transfer to, the surviving spouse, the Court concluded that "in filing a wrongful death lawsuit, the surviving spouse does not represent the decedent but instead asserts the spouse's own right of action." *Id.* It explained that "under the wrongful death statutes, the surviving spouse's lawsuit is for his *own* benefit," and "[i]f there are other statutory beneficiaries, the surviving spouse's lawsuit is for their benefit as well." *Id.* Construing the wrongful death statutes together, the Court explained that that they did "not support an interpretation that the surviving spouse brings a wrongful death action in a representative capacity on behalf of either the decedent or the decedent's estate." *Id.* at 503. Rather, "the surviving spouse asserts his

- 14 -

own right of action for his own benefit and for the benefit of the other statutory beneficiaries who share in any recovery." *Id.* In the case before it, then, the right of action the decedent would have had against the defendants passed to her surviving spouse, for his benefit and the decedent's next of kin. *Id.* The surviving spouse, in filing his initial *pro se* wrongful death action, "was not representing the legal interests of either the decedent or her estate." *Id.* at 504.

Having concluded that the surviving spouse was asserting his own right of action, the Supreme Court finally considered whether the *pro se* complaint he filed was "partially proper," as the trial court found, or void *ab initio* and a nullity. *Id.* The defendant argued that it was a nullity because it was filed in a representative capacity on behalf of his children, who were "the passive statutory beneficiaries under the wrongful death statutes." *Id.* The defendant insisted that this constituted the unauthorized practice of law, rendering the complaint void. *Id.* The Supreme Court first noted that it was unable to "square" this argument with the plain language of Tennessee's "unique" wrongful death statute, which provides that the right of action "passes to" the surviving spouse, for his or her benefit and the other beneficiaries. *Id.* It again reiterated that a surviving spouse has the "superior right above all others" to assert the right of action and control the proceedings. *Id.* Still, the Supreme Court recognized that "[t]he question we must decide is whether the entire *pro se* complaint is rendered void *ab initio*, a nullity, by the fact that other beneficiaries' interests are encompassed within the right of action asserted by the surviving spouse." *Id.* at 504-505. The Court concluded that it was not. *Id.* at 505. It noted that the defendant cited "a number of wrongful death cases from other jurisdictions in support of its argument that a *pro se* wrongful death complaint that is filed on behalf of statutory beneficiaries should be declared void *ab initio*." *Id.* The Court deemed these "unhelpful" for two reasons. *Id.* "First and foremost," the Court explained, "Tennessee's wrongful death statutory scheme is *sui generis*, unlike the wrongful death statutory framework in any other state." *Id.* "Second, virtually all of the cases cited by [the defendant] to support its argument involve[d] a wrongful death lawsuit filed by an executor or personal representative of the decedent's estate, someone who by definition represents another person or entity. None were filed by a surviving spouse asserting his own right of action." *Id.* Looking instead to Tennessee's wrongful death statutes, the Court concluded that the surviving spouse, in filing his initial *pro se* complaint, "was acting primarily on his own behalf pursuant to his right of self-representation." *Id.*

As a result, the Court agreed with the trial court's determination that "[t]he action, as filed, was partially proper" and not a nullity. *Id.* In a footnote, however, the Court clarified that it "need not address in this opinion whether Mr. Hartley [the surviving spouse] was engaged in the unauthorized practice of law when he filed this lawsuit." *Id.* at 505 n.19. "Rather," the Court expressly limited its holding "to the conclusion that, even if the interests of the passive beneficiaries may be implicated in this lawsuit, [the surviving spouse's] initial *pro se* complaint was not a nullity and it was curable by amendment." *Id.*

Obviously, *Beard* addressed many of the same issues that we must decide in this case. However, the case before us involves one significant factual difference. The initial *pro se* complaint in the case at bar was not filed by a single surviving spouse primarily on his own behalf. It was filed by two siblings, in their capacity as administrators of the Estate of Lucille Grose, on behalf of a group of six siblings. Therefore, we must determine, applying *Beard* and the wrongful death statutes, whether the trial court properly dismissed the complaint in its entirety as void *ab initio*.

Returning to the pertinent language of the wrongful death statutes, they provide that the right of action "shall pass to the person's surviving spouse and, *in case there is no surviving spouse*, to the person's children or next of kin; [or] to the person's personal representative, for the benefit of the person's surviving spouse or next of kin[.]" Tenn. Code Ann. § 20-5-106(a) (emphasis added). "The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin." Tenn. Code Ann. § 20-5-107(a). Thus, section 20-5-107 "specifically authorizes personal representatives to institute wrongful death actions for a surviving spouse or next of kin," but it "further provides that wrongful death actions may be maintained by the beneficiaries in their own name." *Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn. 1984). Here, the action was instituted by the co-administrators of the decedent's estate, but the complaint specifically stated that it was brought on behalf of the decedent's heirs, her children, for the loss of their mother.

"While an action for wrongful death, of course, may be instituted and maintained by an administrator, T.C.A. § 20-5-107, it has long been settled that the administrator sues as a representative of the next of kin, and not as a representative of the estate or of creditors." *Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, 665 S.W.2d 717, 718 (Tenn. 1984). Stated differently, "[t]he personal representative may institute the wrongful death action, but he does so for the benefit of the spouse and/or the other statutory beneficiaries, not the decedent's estate." *Spires*, 539 S.W.3d at 141 (quoting *Beard*, 528 S.W.3d at 498). "In a wrongful death action, the statutory beneficiary is the real party in interest, and neither the claim nor the recovery becomes a part of the estate of the deceased." *Holliman v. McGrew*, 343 S.W.3d 68, 73 (Tenn. Ct. App. 2009) (citing *Memphis St. Ry. Co. v. Cooper*, 203 Tenn. 425, 313 S.W.2d 444, 448 (1958)). In fact, "when an administrator brings the wrongful death action, the administrator has no interest in the recovery and acts only as a medium for enforcing the rights of others." *Foster*, 813 S.W.2d at 452; *see also Webb v. E. Tenn., V. & G.R. Co.*, 12 S.W. 428, 430 (Tenn. 1889) (explaining that "the administrator is in fact a nominal plaintiff").[6]

---

[6] In *Johnson*, 665 S.W.2d at 718, our Supreme Court explained that in wrongful death cases, "[t]he right of action depends upon the existence of persons entitled to take the recovery as beneficiaries under the statute and not upon the qualification of a personal representative." As such, "[i]t is necessary both to plead and to prove the existence of requisite beneficiaries before the action can be maintained." *Id.* The Court explained that "[t]he complaint in the present case, *although subject to amendment*, on its face does

- 16 -

When a wrongful death action is filed by a personal representative, "[t]he personal representative's rank in the priority list 'varies according to the beneficiaries,' because the personal representative has no personal interest in the lawsuit but brings 'the action for the benefit of the persons with the statutory priority.'" *Beard*, 528 S.W.3d at 500 n.14 (quoting *Foster*, 813 S.W.2d at 452); *see, e.g., Est. of Smith v. Highland Cove Apartments, LLC*, 670 S.W.3d 305, 318 (Tenn. Ct. App. 2023) ("[T]he claim for wrongful death may be brought by either Mrs. Smith as the surviving spouse *or* by Mrs. Smith in her capacity as the personal representative of the Estate. . . . Regardless of the named plaintiff, however, the claim is being prosecuted on behalf of the statutory beneficiaries."); *O'Dneal v. Baptist Mem'l Hosp.-Tipton*, 556 S.W.3d 759, 770 n.8 (Tenn. Ct. App. 2018) ("Although Mother filed her claim both individually and as representative of her child's estate, . . . Mother's 'own right of action' arises from her individual claim as next of kin and natural parent of the child, rather than her role as administrator of the estate."). Thus, we must identify the statutory beneficiaries who were the real parties in interest.

At the outset, we note that this Court has noted the difficulties that can arise when a wrongful death right of action passes, not to a single individual, but to multiple beneficiaries. In *Wheeler v. Burley*, No. 01A01-9701-CV00006, 1997 WL 528801, at *3 (Tenn. Ct. App. Aug. 27, 1997), we observed:

> The problem immediately becomes self-evident. The decedent is a single person with a cause of action for injuries inflicted by the wrong-doer against him. His cause of action is single, entire and indivisible. When he dies from these injuries this single, entire and indivisible cause of action does not abate, but passes first to his surviving spouse. This presents no problem if he has a surviving spouse. It presents no problem, if he is survived by a single child.
> What we have at bar however, is a twenty-four (24) year old decedent with no surviving spouse and no surviving children. His "next of kin" are his mother and his father. They thus, under the statute, take jointly this single, entire and indivisible cause of action, preserved for the deceased by T.C.A. § 20-5-106.

In *Wheeler*, the relationship between the father and mother was, "to be charitable – something less than amicable." *Id.*

Here, in the absence of a surviving spouse, the right of action passed to the six

---

not meet these requirements." *Id.* at 718 n.1 (emphasis added). The complaint was "brought solely by an administrator without reference to the existence or identity of statutory beneficiaries." *Id.*

In the case before us, the complaint referenced the existence of the "heirs" as "children" of Mrs. Grose and their claims for the loss of "their mother," but it did not specifically identify the heirs. Still, pursuant to *Johnson*, the complaint was subject to amendment. *See id.*

children of Lucille Grose. *See Sneed v. Henderson*, 366 S.W.2d 758, 760 (Tenn. 1963) ("[T]he right of action shall pass 'to his children or to his next of kin.' The next of kin of the deceased mother are her children and they are to inherit equally from her under our law."). However, as the Court pointed out in *Wheeler*, the six beneficiaries "take jointly this single, entire and indivisible cause of action[.]" 1997 WL 528801, at *3.

Tennessee courts have repeatedly characterized our wrongful death statutes as providing for a "single, entire, and indivisible" right of action. *See, e.g.*, *Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 529 (Tenn. 2008) (quoting *Kline*, 69 S.W.3d at 207) ("Although the living beneficiaries of the action may seek a limited recovery for their own losses in addition to those of the decedent, the right of action itself remains one that is 'single, entire[,] and indivisible.'"); *Est. of Smith*, 670 S.W.3d at 317 ("[T]he right of action in a wrongful death case remains one that is 'single, entire[,] and indivisible.'") (quotation omitted). "Stated another way, '[t]here can be but one cause of action for the wrongful death of another.'" *Id.* (quoting *Kline*, 69 S.W.3d at 207). "[M]ultiple actions may not be brought to resolve a single wrongful death claim." *Id.* at 318. "No matter how many suits parties may file to address an allegedly wrongful death, [Tennessee's wrongful death statutes] contemplate only one cause of action." *Swanson v. Peterson*, No. M1999-00241-COA-R3-CV, 2000 WL 48502, at *2 (Tenn. Ct. App. Jan. 21, 2000). For this reason, "two lawsuits ongoing simultaneously to enforce a single cause of action is not permissible." *Id.*

In the case before us, the trial court cited caselaw regarding a wrongful death right of action being "indivisible" in reaching its decision. The trial court first concluded that the right of action belonged to all of the siblings and that the *pro se* siblings could not render legal services for the other beneficiaries. However, the court then explained, "A wrongful death action in Tennessee is *one indivisible right of action* that may be conducted and managed by a non-attorney only if that non-attorney, as in Beard v. Branson, [] represents only his or her own interests." (emphasis added). The court added, "It is true that Anthony Grose, Lonita Grose-Dowdy, and Herbert Grose are proper plaintiffs in this action; however, they were not authorized to file this lawsuit and proceed with this action without counsel." As a result, the court concluded that the complaint was void *ab initio* in its entirety.

The fact that the wrongful death right of action is single and indivisible does not mean that there can only be one party as plaintiff in the action. "Wrongful death statutes generally require one joint action for the benefit of all beneficiaries[.]" 25A C.J.S. *Death* § 78; *see also* 22A Am. Jur. 2d *Death* § 20 ("Generally, the statutes provide that only one action for wrongful death may be filed."). "The purpose of the one-action provision in a wrongful death statute is to protect a defendant from being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury when all of the parties could be joined in one proceeding." *Id.* § 20. Thus, "[w]rongful death statutes usually authorize one joint and indivisible action in which all the damages for the benefit of all the

- 18 -

beneficiaries are recovered[.]" 25A C.J.S. *Death* § 78. "A statute providing that the action for wrongful death is 'a joint one, a single one, and an indivisible one' means that *all heirs should join or be joined* and that [a single] verdict should be rendered for all damages, that only one action may be brought *whether instituted by all or only one of [the] heirs* or personal representative, and that there cannot be a series of suits by heirs." *Id.* (emphasis added); *see also* 22A Am. Jur. 2d *Death* § 20 ("Either the heirs or the personal representative on behalf of the heirs may bring a single joint indivisible action for wrongful death. This means that all heirs or statutory beneficiaries should join in the single action, and there cannot be a series of suits by heirs against the tortfeasor for their individual damages."). So, "in characterizing wrongful death actions as 'indivisible,' this means that there cannot be a series of suits by heirs against the tortfeasor for their individual damages." *Id.*

Examining the facts in *O'Dneal v. Baptist Memorial Hospital-Tipton*, 556 S.W.3d 759 (Tenn. Ct. App. 2018), is helpful. The case involved two parent beneficiaries who filed a wrongful death action following the death of a child, and both were named as plaintiffs in a joint complaint. *Id.* at 771. We explained that "the claim was properly brought by *both* Mother and Father, who constitute both the child's next of kin and natural parents." *Id.* at 769 (emphasis added). "Unlike the situation wherein the claim vests in a surviving spouse who has priority to settle the claim over other statutory beneficiaries, the wrongful death statutes do not provide the same type of claim superiority to other types of statutory beneficiaries." *Id.* at 770. Because the statute lacks "similar superiority language" regarding next of kin or parents, we explained, the statute does not give priority to one parent over another. *Id.* Thus, in the case of the father and mother at issue, given that neither had surrendered their rights to the child, "the wrongful death action passed to [them] equally." *Id.* "Because both Mother and Father had an equal right to participate" in the action,[7] we concluded that they "constitute[d] separate 'party plaintiff[s]'" for purposes of determining the number of peremptory challenges available. *Id.* "[U]nder the holding in *Beard*, the wrongful death action 'pass[ed] to' **both** Mother and Father as natural parents and next of kin of the infant and was asserted as their 'own right of action.'" *Id.* at 771 (quoting *Beard*, 528 S.W.3d at 502, 504). "Thus, while a wrongful death claim may be indivisible," we explained, "in the absence of statutory language giving one party dominance over another, the **parties** are *not one undivided entity* proceeding on behalf of the decedent or estate; rather, *each asserts the wrongful death claim on their own behalf.*" *Id.* (italicization added).

Thus, applying the reasoning of *Beard* alongside that of *O'Dneal*, we conclude that

---

[7] *But see Cliburn v. Sullivan*, No. M2003-02563-COA-R3-CV, 2005 WL 292360, at *5 (Tenn. Ct. App. Feb. 7, 2005) (observing, prior to *Beard* and in the context of deciding who should pay for attorney fees, that "the wrongful death statute identifies who may bring such an action and instructs that the action is brought by that person on behalf of all who are entitled to share in the recovery," so a "Father's intervention, with or without counsel, would not only be unnecessary, it would be improper unless he could show that Mother was not pursuing the wrongful death claim in good faith").

the six heirs have equal rights to jointly participate in the wrongful death litigation, and Anthony and Herbert can proceed *pro se* to the extent that they are asserting their own right of action pursuant to their right of self-representation. Thus, the complaint they filed was "partially proper," as in *Beard*, rather than entirely void. However, to the extent that the *pro se* complaint filed by Anthony and Herbert sought to assert claims on behalf of the other siblings, we agree with the trial court's conclusion that it was void.[8] "[I]t has long been the law in Tennessee that '[p]roceedings in a suit by a person not entitled to practice are a nullity.'" *Owen v. Grinspun*, 661 S.W.3d 70, 84 (Tenn. Ct. App. 2022) (citing *Bivins v. Hosp. Corp. of Am.*, 910 S.W.2d 441, 447 (Tenn. Ct. App. 1995)). For instance, in *Vandergriff v. ParkRidge East Hospital*, 482 S.W.3d at 552, parents filed a *pro se* complaint on behalf of themselves individually and also on behalf of their daughter as her parents and legal guardians. We considered the claims asserted by the parents individually and found them time-barred. *Id.* at 555. However, we explained:

> As for the minor child's separate claims, they were asserted in a pro se complaint filed by her parents, and neither of her parents is a licensed attorney. Although a parent "may sue or defend" on behalf of their minor child, *see* Tenn. R. Civ. P. 17, a parent who is not "duly licensed" may not engage in the "practice of law" on behalf of their minor child. *See* Tenn. Sup. Ct. R. 7, § 1.01; Tenn. Code Ann. § 23-3-103(a). A claim asserted in a pleading by a person who is not entitled to practice law is a nullity. *Bivins v. Hosp. Corp. of Am.*, 910 S.W.2d 441, 447 (Tenn. Ct. App. 1995); *see Investors Grp., I Ltd. v. Knoxville's Cmty. Dev. Corp.*, No. E1999-00395-COA-R3-CV, 2001 WL 839837, at *2 (Tenn. Ct. App. July 25, 2001). Because the parents' attempt to assert claims on behalf of their daughter was a nullity, *see Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996), the trial court's judgment on the merits of the minor's purported claims is vacated.

*Id.* at 548-49. Notably, just as in *Beard*, the individual *pro se* litigants could "conduct and

---

[8] We note that a person who is possessed of a power of attorney "can file certain documents in court on behalf of the principal" if the actions do not require specialized legal knowledge amounting to the unauthorized practice of law. *State f/b/o City of Columbia v. 2013 Delinq. Taxpayers*, No. M2017-01439-COA-R3-CV, 2018 WL 2175510, at *3-5 (Tenn. Ct. App. May 11, 2018). However, "[t]he Tennessee Supreme Court has held that the 'preparation and filing of a complaint' is the practice of law because it requires the professional judgment of a lawyer." *Fifteenth Jud. Dist. Unified Bar Ass'n v. Glasgow*, No. M1996-00020-COA-R3-CV, 1999 WL 1128847, at *4 (Tenn. Ct. App. Dec. 10, 1999) (citing *Old Hickory Eng'g & Mach. Co. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996)).

Before the trial court, Anthony and Herbert further relied on a Tennessee Attorney General Opinion stating that "a personal representative of an estate may prepare and file petitions, orders and similar documents without the assistance of an attorney." Tenn. Op. Atty. Gen. No. 01-071 (May 7, 2001). However, a subsequent Tennessee Attorney General Opinion reconsidered that opinion and clarified that "[t]o the extent that the 2001 opinion suggests that preparing and filing a petition to be appointed an executor or administrator of an estate, or similar document, would never require the professional judgment of a lawyer, the opinion is withdrawn." Tenn. Op. Atty. Gen. No. 09-156 (Sept. 15, 2009).

manage his or her own case," meaning, the father was authorized to represent himself and the mother was authorized to represent herself. *Id.* at 552. However, they could not "litigate on behalf of another individual." *Id.* "Because the complaint was void as to [the child's] claims, it was insufficient to commence an action on her behalf, and neither [the child] nor her claims were properly before the trial court." *Id.* at 554; *see also McCall v. United Parcel Serv.*, No. M2022-01112-COA-R3-CV, 2023 WL 3453650, at *3-5 (Tenn. Ct. App. May 15, 2023) (concluding that claims filed *pro se* by a mother/conservator on behalf of her daughter/ward were void because they were not filed by the daughter or by a licensed attorney).

Applying these principles to the case at bar, we conclude that neither the additional siblings nor their claims were properly before the trial court.[9] The question that remains is whether the wrongful death action can proceed in the absence of the other wrongful death beneficiaries. In their briefs on appeal, Anthony and Herbert seek to "[h]enceforth . . . pursue claims forward in the[ir] own-individual names only."

This Court encountered a similar situation in *Mosier v. Lucas*, 207 S.W.2d 1021, 1021-22 (Tenn. Ct. App. 1947), a wrongful death action filed by a father, in his individual

---

[9] Interestingly enough, in a separate case involving Anthony, Herbert, and their siblings, we explained these same principles and instructed Anthony Grose that he cannot represent his siblings in court. In *Grose v. Kustoff*, No. W2021-00427-COA-R3-CV, 2022 WL 2347798, at *7-8 (Tenn. Ct. App. June 29, 2022), we stated,

> As a threshold matter, we note that Mr. Grose has averred in his appellate brief that he is acting on behalf of all Plaintiffs and that he purported to sign the brief as a representative of his siblings. However, as Mr. Grose admits, he is not an attorney licensed to practice law in the State of Tennessee; therefore, he cannot appear or file pleadings on behalf of the other plaintiffs. *See* Tenn. Code Ann. § 23-3-103 (2021) ("No person shall engage in the practice of law ... unless the person has been duly licensed and while the person's license is in full force and effect[.]"); Tenn. Sup. Ct. R. 7, § 1.01 (prohibiting the unauthorized practice of law); *Elm Children's Educ. Tr. v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529, 533 (Tenn. Ct. App. 2014) (holding that a non-attorney trustee could not represent the trust in court). As this Court has previously explained:
>
>> Under Tennessee law, any person may conduct and manage his or her own case in any court of this state. Tenn. Code Ann. § 23-1-109 .... However, the right of self-representation only allows an individual to conduct and manage "the person's own case in any court of this state." *See id.* (emphasis added). Accordingly, pro se litigants may not litigate on behalf of another individual.
>
> *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 552 (Tenn. Ct. App. 2015). In accordance with this authority, Mr. Grose cannot represent his siblings in this Court or any court of this State.

We "confine[d] our analysis . . . to the issues raised by Mr. Grose on his own behalf." *Id.* at *8.

- 21 -

capacity, to recover damages for the death of his son. At trial, the father's testimony revealed that the child was also survived by his mother, the plaintiff's wife. *Id.* at 1022. The defendants "moved for a directed verdict on the ground that the suit had to be brought in the names of *all* the next of kin; that [the father] and [the mother] were the sole next of kin under the undisputed facts; and that [the father], as one of the next of kin, could not maintain the suit." *Id.* Before the motion was resolved, the plaintiff moved to amend his pleadings to make his wife a party plaintiff, but the trial court denied the motion on the ground that the suit of the mother was time-barred. *Id.* The trial court concluded that "one of the next of kin had no right to maintain the suit; that it must be brought in the names of all the next of kin." *Id.* On appeal, this Court reversed. We explained:

> Where a suit is commenced to recover damages for a wrongful death by a proper and necessary party before the suit is barred by the statute of limitations, an amendment offered after the statute of limitations has barred the suit, which adds a necessary party plaintiff, will relate back to the filing of the original summons if the addition of the new party did not change the original cause of action, nor introduce a new cause of action.

*Id.* at 1023 (citations omitted). This Court explained that the father "was one of the next of kin of his infant son and a necessary and proper plaintiff to a suit to recover damages for the wrongful death of his son under the statute." *Id.* We determined that "the addition of the mother of the deceased as a party plaintiff" did not change the cause of action, and "[a]t most, the original suit stated a defective cause of action for want of a necessary party plaintiff[.]" *Id.* We concluded that such a defect would have been cured by the proposed amendment, so it should have been permitted, and it would relate back to the filing of the original suit. *Id.* However, we "pretermit[ted] the question whether [the father] could have maintained the suit for the benefit of himself and his wife without joining her as a party plaintiff." *Id.*

Federal courts have encountered similar issues involving wrongful death claims under Tennessee law. In *Jamison v. Memphis Transit Management Co.*, 381 F.2d 670, 671 (6th Cir. 1967), the United States Court of Appeals for the Sixth Circuit considered a diversity action filed under the Tennessee wrongful death statute for the death of a child. The father was a resident of California and filed the suit on his own behalf and as next of kin of the deceased child. *Id.* The mother, a resident of Memphis, was not joined as a party. *Id.* She and the father were divorced. *Id.* The defendant challenged the diversity jurisdiction of the court on the ground that under the Tennessee wrongful death statute, the right of action vested in *both* parents, "thereby making the mother an indispensable party plaintiff." *Id.* The sole issue on appeal was "whether the mother is an indispensable party plaintiff, thereby destroying diversity of citizenship."[10] *Id.* at 671-72. The Sixth Circuit

---

[10] The Court noted,

discussed the *Mosier* case in which the Tennessee Court of Appeals had permitted an amendment to include a mother as a party plaintiff but "expressly pretermitted the question of whether the father could have maintained the action on behalf of both himself and his wife without joining her as a party plaintiff." *Id.* at 673 (citing *Mosier*, 207 S.W.2d at 1021). Examining Tennessee caselaw, the Sixth Circuit explained that "the Tennessee wrongful death statute creates one, and only one, right of action in the survivors of decedent, no matter how many persons may be entitled to share therein." *Id.* It also concluded that "the right of action vests equally in both parents," and therefore, the parents "have a joint right of action, with equal interests therein[.]" *Id.* at 673-74. Ultimately, the Court concluded that under Tennessee law the mother was an "indispensable party" in the statutory wrongful death action because she and the father had a joint right of action against the defendant. *Id.* at 676.

District courts have reached the same conclusion in cases with multiple beneficiaries. In *Williams v. Baxter*, 536 F. Supp. 13, 16-17 (E.D. Tenn. 1981), the decedent had no surviving spouse, so the district court concluded that the decedent's three children "possess[ed] jointly any right-of-action . . . for the wrongful death of their father." *Id.* Two of those children were not represented in the lawsuit, and the court determined that they were "indispensable" parties whose joinder was required under Federal Rule of Civil Procedure 19. *Id.* at 17. Accordingly, the court ordered that the mother and next-of-friend of the two minors "be made a party plaintiff." *Id.*; *see also Davis v. Roane Cnty.*, No. 3:12-CV-634-TAV-CCS, 2014 WL 6633089, at *1 (E.D. Tenn. Nov. 21, 2014) ("Crystal Price's children—D.H. and J.V.—jointly possess the right of action for these claims, so they are both indispensable parties"); *Hudson v. AJS Assocs.*, No. 3:08-0669, 2008 WL 5214203, at *4 (M.D. Tenn. Dec. 12, 2008) ("Because there can be only one action for wrongful death under Tennessee law, all heirs of Hindman are jointly affected by the torts alleged in this action and all heirs of Hindman jointly possess any right of action based thereupon. Therefore, the Court finds that, to the extent there are additional surviving heirs of Hindman, those persons are necessary parties herein. The Court cannot determine whether joinder of any such parties is feasible until such parties are identified.").

A district court considered a situation involving siblings who sought to intervene in a wrongful death suit in *Sawyers v. Atlas Logistics, Inc.*, No. 3:20-CV-0393, 2020 WL 6383637, at *1 (M.D. Tenn. Oct. 30, 2020). The original plaintiff, Sawyers, was a sibling of the decedent. *Id.* at *2. Three additional siblings of the decedent later sought to intervene in the wrongful death action as a matter of right, or alternatively, by permission.

---

Where, as here, the substantive rights of the parties are founded on State law, it is essential that State law be examined in determining whether a party is 'indispensable,' although the question of the joinder of parties is controlled by the Federal rules. Only then can we ascertain whether the substantive rights of the mother in this cause of action are such as to constitute her an 'indispensable' party[.]

*Id.* at 674.

- 23 -

*Id.* The district court explained that the three additional siblings held "legal interests in this wrongful death claim that are identical to that held by Sawyers." *Id.* at \*3. "Under Tennessee law, all the siblings are equally situated as next of kin." *Id.* at \*6. The court explained that "all the siblings of [the decedent] therefore stand in equal beneficiary positions holding the same legal, protectable interest under the Tennessee wrongful death statute." *Id.* at \*5. The court rejected the contention of the original plaintiff that "her siblings are unnamed, passive beneficiaries who must concede control of this litigation to her[.]" *Id.* The court acknowledged that "the right of action itself remains one that is single, entire, and indivisible," and "multiple actions may not be brought to resolve a single wrongful death claim." *Id.* at \*4 (quoting *Kline v. Eyrich*, 69 S.W.3d 197, 206-07 (Tenn. 2002)). However, it ultimately concluded that "although only one cause of action for wrongful death may be maintained – that is, the claim is indivisible – each statutory beneficiary asserts the wrongful death claim on their own behalf." *Id.* at \*5 (citing *O'Dneal*, 556 S.W.3d at 771). "[E]ach statutory beneficiary 'may recover damages *for their losses* suffered as a result of the death as well as damages sustained by the deceased from the time of injury to the time of death.'" *Id.* (quoting *Beard*, 528 S.W.3d at 498). As such, the court granted the additional siblings' motion to intervene. *Id.* at \*6.

In *Gordon, ex. rel Gordon v. Draughn*, No. M2008-02224-COA-R10-CV, 2009 WL 1704470, at \*9 (Tenn. Ct. App. June 16, 2009), this Court remanded a wrongful death case in order to permit a father to file a motion to intervene and intervening complaint. We determine that a similar approach is appropriate in this case.[11] We will remand in order to allow the additional siblings an opportunity to file a motion to intervene. In the event they do not, the trial court should consider, pursuant to Tennessee Rules of Civil Procedure 19.01 and 19.02,[12] whether the additional siblings should be joined as parties and the proper

---

[11] We recognize that "an adult beneficiary may waive his or her superior right to maintain a wrongful death action by permitting an inferior beneficiary's action to stand without objection." *Haynes v. Wayne Cty.*, No. M2016-01252-COA-R3-CV, 2017 WL 1421220, at at \*4. "An implied waiver occurs when a party's conduct, although perhaps not the party's words, shows the party's conscious choice to give up rights or to forego benefits." *Shedd v. Cmty. Health Sys., Inc.*, No. W2010-02140-COA-R3-CV, 2010 WL 4629020, at \*2 (Tenn. Ct. App. Nov. 12, 2010). The party asserting waiver bears "the burden of proving waiver by a preponderance of the evidence." *Swanson*, 2000 WL 48502, at \*3. However, it is clear in this case that the unrepresented siblings have not waived their rights to maintain a wrongful death action. To the contrary, they filed documents purporting to authorize Anthony and Herbert to assert their rights on their behalf in this litigation, emphasizing that all six heirs desired to participate. For instance, Lonita's document stated, "I, _Lonita Grose-Dowdy_ Case No. CT-001809-18 as an, *heir, beneficiary, interested party* that has/had a financial interest [in], damages compensation, etc. that arise from a car crash fatality owed too: the Estate of Lucille Grose, et al [m]y [m]other . . . am [a] beneficiary {1 of 6 heirs, siblings}[.]" Each contended that "'all' six *heirs* have a cause of action interest in the 'wrongful death claims[.]'" Clearly, they were not waiving their right to maintain the action.

[12] Rule 19.01 provides,

> A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition

course for proceeding based on that determination. Regarding Rule 19, we have explained:

> The rule "is designed to protect the interests of absent persons as well as those already before the court from multiple litigation and inconsistent judicial determinations." *Citizens Real Estate & Loan Co., Inc. v. Mountain States Dev. Corp.*, 633 S.W.2d 763, 766 (Tenn. Ct. App. 1981) (citing 7 Wright & Miller, Federal Practice and Procedure, § 1602).
>
> We note that the language of Rule 19 is mandatory and directive; one who is an indispensable and necessary party "*shall* be joined as a party." Tenn. R. Civ. P. 19.01 (emphasis added). The requirement of joinder of indispensable and necessary parties "appears absolute and inflexible," and applies to both trial courts and appellate courts. *Pope v. Kelsey*, No. 86-17-II, 1986 WL 6564, at *2 (Tenn. Ct. App. June 13, 1986), *no perm. app.* (quoting *Glickauf v. Moss*, 23 Ill.App.3d 679, 320 N.E.2d 132, 135-316 (Ill. 1974)). When an indispensable and necessary party has not been joined, neither the trial court nor the appellate court may proceed further with the matter. *Id.* The parties are of course obliged to bring to the court's attention the necessity of such a joinder; however, even if the parties fail to do so, the trial court or even the appellate court must *sua sponte* enforce this principle of law. *Id.* (quoting *Glickauf*, 320 N.E.2d at 135-36).

*Danelz v. Gayden*, No. W2010-02308-COA-R3-JV, 2011 WL 2567742, at *8 (Tenn. Ct. App. June 29, 2011) (quoting *Baker v. Foster*, No. W2009-00214-COA-R3-CV, 2010 WL 174773, at *4 (Tenn. Ct. App. Jan. 20, 2010)). To be clear, we make no determination as to whether the additional siblings are or are not indispensable parties, but the trial court

---

of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

Rule 19.02 provides:

If a person as described in Rule 19.01(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it; or should be stayed or dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether or not a judgment rendered in the person's absence will be adequate; and (4) whether or not the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

should address these issues on remand.[13]

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.[14]  Costs of this appeal are taxed equally to the appellants, Anthony T. Grose and Herbert Grose, and to the appellees, Charles Stone and State Farm Mutual Automobile Insurance Company, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[13] As previously noted, Judge Hurd referenced concerns about proceeding with only some of the beneficiaries during the hearing when she observed, "The only claims that could possibly go forward are the claims of individuals who signed pleadings. . . . [B]ut I don't see that it can go forward.  Just imagine what the trial would be like, right?  Where you have got one or two people who are pursuing their claims, but you have got five other people who have an interest in it who have never asserted those claims."  In her written order, however, she dismissed the complaint in its entirety as void.

[14] We reiterate that it was unclear whether the trial court did not resolve the post-judgment motions filed by Anthony and Herbert because it deemed them a nullity or because it believed Anthony and Herbert had abandoned those motions with the notice they filed prior to filing their notice of appeal.  Having concluded that their filings were not a nullity, we recognize that the post-judgment motions could now be characterized as unresolved, meaning there was no final order in the trial court.  "Pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, however, we are able to waive the finality requirement for good cause." *In re Freddy P.*, No. E2023-00042-COA-R3-PT, 2024 WL 660195, at *5 (Tenn. Ct. App. Feb. 16, 2024); *see* Tenn. R. App. P. 2 ("For good cause, including the interest of expediting decision upon any matter, the . . . Court of Appeals . . . may suspend the requirements or provisions of any of these rules in a particular case . . . or on its motion and may order proceedings in accordance with its discretion[.]").  Considering the present posture of this case, in the interest of judicial economy, we find that good cause exists to exercise jurisdiction over this matter notwithstanding the possible lack of finality.